[No. B215402. Second Dist., Div. Five. Feb. 8, 2010.]

In re STEPHON L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEPHON L., Minor and Appellant.

1228

**COUNSEL**

Lisa Holder, under appointment by the Court of Appeal, for Minor and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Minor and appellant Stephon L. (minor) appeals from a juvenile court order finding him in violation of probation in connection with a sustained petition under Welfare and Institutions Code section 602 (section 602). Minor is the subject of two sustained section 602 petitions. Minor contends that the juvenile court erred in failing to award him predisposition credit. We conclude that the appeal is not moot regardless of the expiration of the minor's camp commitment because his maximum period of physical confinement has not expired. Because minor's maximum period of physical confinement for the two section 602 petitions was aggregated, we hold that minor is entitled to credit for all actual time spent in custody in connection with either petition.

## BACKGROUND[1]

Minor was arrested on November 4, 2006. On November 7, 2006, the district attorney's office filed a section 602 petition alleging that minor committed second degree robbery (Pen. Code, § 211) and personally used a firearm (Pen. Code, § 12022.53, subd. (b)). On June 6, 2007, the petition was amended to add a count of being a minor in possession of a pistol, revolver, or other firearm capable of being concealed upon the person. (Pen. Code, § 12101, subd. (a)(1).) Minor pleaded no contest to the concealed weapon possession offense, and the juvenile court sustained the petition as to that offense. The juvenile court dismissed and struck the robbery offense and personal use of a firearm enhancement, respectively. The juvenile court found the concealed weapon possession offense to be a felony, set the maximum period of physical confinement at three years (Pen. Code, §§ 18, 12101, subd. (c)(1)(C); Welf. & Inst. Code, § 726, subd. (c)), and ordered minor placed in camp for a midterm placement of six months with 214 days of credit. Minor remained in custody from his arrest on November 4, 2006, until his release on December 21, 2007, a period of 413 days.

On April 24, 2008, minor was arrested again. On April 28, 2008, the district attorney's office filed a section 602 petition alleging that minor

---

[1] On our own motion, we order the record on appeal augmented to include the November 7, 2006, section 602 petition; the June 6, 2007, minute order; the May 8, 2009, Welfare and Institutions Code section 777 (section 777) notice of violation of probation; the June 23, 2009, minute order; and the October 30, 2009, minute order. Although some of these documents pertain to issues that arose after the March 18, 2009, order from which minor appeals, those documents are relevant to the determination of whether minor's appeal is moot.

committed second degree robbery (Pen. Code, § 211), possessed a weapon on school grounds (Pen. Code, § 626.10, subd. (a)), and committed second degree commercial burglary (Pen. Code, § 459). On August 7, 2008, the petition was amended to add a count of grand theft from a person, a felony. (Pen. Code, § 487, subd. (c).) Pursuant to a plea agreement, minor admitted that he committed grand theft from a person. The juvenile court sustained the petition as to that offense and dismissed the remaining counts.

The juvenile court ordered minor placed in a long-term camp commitment for a period of nine months under various terms and conditions, set the maximum period of physical confinement at three years eight months, and awarded minor 105 days of credit, without aggregating the custody credits in connection with both sustained petitions. Although not expressly stated in the record, the three-year-eight-month maximum period of physical confinement could only have been an aggregated maximum period computed as follows: three years for the offense sustained in connection with the November 7, 2006, section 602 petition (Pen. Code, §§ 18, 12101, subds. (a)(1) & (c)(1)(C); Welf. & Inst. Code, § 726, subd. (c)), and eight months (one-third of the middle term of two years) for the offense sustained in connection with the April 28, 2008, section 602 petition (Pen. Code, §§ 18, 487, subd. (c), 489; Welf. & Inst. Code, § 726, subd. (c)). (See *In re Eric J.* (1979) 25 Cal.3d 522, 536–537 [159 Cal.Rptr. 317, 601 P.2d 549].)

On January 21, 2009, minor's probation officer filed a section 777 notice of violation of probation.[2] On March 18, 2009, the juvenile court found minor in violation of his probation. The juvenile court terminated minor's long-term camp commitment and ordered him placed in a midterm camp commitment for a period of six months. The juvenile court did not address minor's custody credit.

On May 8, 2009, minor's probation officer filed a second section 777 notice of violation of probation. On June 23, 2009, the juvenile court found minor in violation of his probation. The juvenile court terminated minor's midterm camp commitment and placed him on a new six-month midterm camp commitment. An October 30, 2009, minute order indicates a release date for minor of December 30, 2009.

We requested supplemental letter briefs from the parties on the issues of whether minor's appeal is moot and whether minor is entitled to custody credit earned in connection with a prior sustained section 602 petition.

---

[2] Section 777 applies to probation violations that do not amount to criminal conduct. (§ 777, subd. (a)(2); *In re J.L.* (2008) 168 Cal.App.4th 43, 59 [85 Cal.Rptr.3d 35].)

## DISCUSSION

### A. *Mootness*

■ "A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503 [1 Cal.Rptr.3d 207]; see *Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178 [49 Cal.Rptr.3d 825] ["Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties. [Citations.]"].) "Thus, appellate courts as a rule will not render opinions on moot questions . . . ." (*Ebensteiner Co., Inc. v. Chadmar Group, supra,* 143 Cal.App.4th at pp. 1178–1179.)

The credit issue minor raises on appeal is not moot. On August 7, 2008, the juvenile court ordered minor placed in a long-term camp commitment for a period of nine months and stated that his maximum period of physical confinement is three years eight months. It appears that that maximum period expires on February 6, 2012. On March 18, 2009, the juvenile court terminated minor's nine-month, long-term camp commitment and ordered him placed in a midterm camp commitment for a period of six months. Minor appeals from the juvenile court's failure to award him credit in connection with that camp commitment, which, by its terms, was set to expire on September 18, 2009. Because his appeal would not be resolved by September 18, 2009, it appears that there would be no immediate relief available to minor if we were to decide his case in his favor. Events subsequent to the March 18, 2009, hearing demonstrate why minor's appeal is not moot.

On May 8, 2009, minor's probation officer filed a new section 777 petition. On June 23, 2009, the juvenile court found minor in violation of his probation and placed him on a new six-month midterm camp commitment. Minor was to be released from that placement on December 30, 2009. As minor's conduct demonstrates, minor may be returned to custody for future probation violations, and that custody will be credited against his maximum period of physical confinement. Thus, the relevant inquiry in determining mootness with respect to minor's credit claim is the expiration of minor's maximum period of physical confinement and not the expiration of any camp commitment that does not exhaust minor's maximum period of physical confinement.

### B. *Minor's Custody Credit*

■ A juvenile is entitled to credit against his maximum period of physical confinement for any time he spends in actual custody prior to

disposition. (*In re Eric J., supra,* 25 Cal.3d at p. 536.) "A juvenile's entitlement to predisposition custody credit is determined by Welfare and Institutions Code section 726. (*Eric J., supra,* 25 Cal.3d at p. 535.) That section provides in part: 'If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the "maximum term of imprisonment" shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code . . . .' (Welf. & Inst. Code, § 726, subd (c).) Penal Code section 1170.1 in turn states: '[W]hen any person is convicted . . . whether in the same proceeding or court or in different proceedings or courts . . . , the aggregate term of imprisonment for all . . . convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed . . . .' (Pen. Code, § 1170.1, subd. (a).) [¶] ■ The California Supreme Court has concluded that when a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions pursuant to these foregoing statutory provisions, the court must also aggregate the predisposition custody credits attributable to those multiple petitions. (*Eric J., supra,* 25 Cal.3d 522.)" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067 [11 Cal.Rptr.3d 85].)

Minor contends that the juvenile court erred in failing to award him 413 days of credit for the period he spent in custody from his arrest on November 4, 2006, until his release on December 21, 2007, in connection with the November 7, 2006, petition, and 329 days of credit for the period he spent in custody from his arrest on April 24, 2008, to March 18, 2009, the date of the disposition hearing for minor's probation violation in connection with the April 28, 2008, petition and January 21, 2009, section 777 notice of violation of probation. We interpret minor's claim as seeking credit for such actual custody against the three-year-eight-month aggregated maximum period of physical confinement. Respondent agrees that minor is entitled to 413 days of custody credit earned in connection with the November 7, 2006, petition, but contends that minor is not entitled to 329 days of custody credit in connection with the April 28, 2008, petition because his custody was not based on the violations alleged in the "supplemental" petition (i.e., the Jan. 21, 2009, § 777 notice of violation of probation). Thus, respondent does not dispute that minor is entitled to the aggregation of custody credit, but only the amount of custody credit to which minor is entitled. We agree with minor that minor is entitled to credit against his maximum period of physical confinement for all time spent in actual custody.

■ The juvenile court aggregated the periods of physical confinement for minor's sustained November 7, 2006, and April 28, 2008, section 602 petitions, arriving at a maximum period of physical confinement of three years eight months. Minor served 413 days of actual custody in connection

with the November 2006 petition and 329 days in connection with his April 2008 petition. Accordingly, minor is entitled to 742 days of actual custody credit.

## DISPOSITION

The March 18, 2009, adjudication order is modified to reflect 742 days of actual custody credit to be credited against minor's maximum period of physical confinement. The order is otherwise affirmed.

Turner, P. J., and Armstrong, J., concurred.