Filed 6/27/13  In re Oliver R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re OLIVER R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C071626 |
| Plaintiff and Respondent, | (Super. Ct. No. 68978) |
| v. | |
| O.R., | |
| Defendant and Appellant. | |

Delinquent minor Oliver R. appeals from a dispositional order, raising a number of contentions, most of which are conceded by the People.  We hold substantial evidence supports the finding that the minor unlawfully possessed a firearm and ammunition, modify the dispositional order in several respects, and otherwise affirm.

1

# BACKGROUND

A. *Procedure*

On December 13, 2011, the minor admitted an allegation that he committed a misdemeanor battery on school property (Pen. Code, § 243.2, subd. (a)).

On January 25, 2012, the minor was adjudged a ward, was granted probation, and placed in the custody of his mother.

In February 2012, a violation of probation petition (VOP) was filed, as well as a new delinquency petition alleging new offenses. The juvenile court found the minor unlawfully possessed a firearm and ammunition, and actively participated in a criminal street gang (Pen. Code, §§ 186.22, subd. (a), 29610, 29650) and the juvenile court thereupon sustained the VOP.

On June 25, 2012, the minor was continued as a ward and placed on probation in the custody of his parents, with various conditions including service of a 60-day term in juvenile hall.

On July 12, 2012, the minor timely filed this appeal.

B. *Facts*

The evidence relevant on appeal, viewed in the light favorable to the juvenile court's findings (see *In re Ryan D*. (2002) 100 Cal.App.4th 854, 859), is not disputed.

On the evening of February 24, 2012, the minor was a rear-seat passenger in a car with defective brake lights that contained five people. Two were in the front seat. The minor, another juvenile, and an adult were in the backseat, with the minor behind the front driver's seat, the other juvenile in the middle, and the adult behind the front passenger's seat. The car was a known Sureño "gang" car (the "Varrio Mojado Sureño" or "Wet Town" Sureño gang), and its passengers were wearing blue, the color associated with the Sureño gang. The car was in rival Norteño territory. When spotted by police, the driver sped off, and the car ultimately crashed. On the rear floorboards was a loaded gun stolen during a burglary a day or two before. According to a pursuing officer, during

2

the chase the occupants "were all talking to one another and it looked like items were being passed to one another." After the crash, as another officer stood outside the car, "after the front passenger came out, the seat was pushed forward" and the officer could see the gun on the rear floorboards, leaning against the center console.

## DISCUSSION

### I

*Substantial Evidence*

The minor contends that no substantial evidence shows he had possession of the loaded gun found in the backseat. We disagree.

We must view the evidence in the light favorable to the juvenile court's findings (*In re Ryan D.*, *supra*, 100 Cal.App.4th at p. 859), a standard of review acknowledged by the minor but partly disregarded in his briefing of this issue on appeal.

"To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person. [Citations.] Possession may be shared with others. [Citation.] But mere proximity to the weapon, standing alone, is not sufficient evidence of possession." (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 (*Sifuentes*).)

"Possession may be actual or constructive. Actual possession means the object is in the defendant's immediate possession or control. A defendant has actual possession when he himself has the weapon. Constructive possession means the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object. [Citation.] Possession of a weapon may be proven circumstantially, and possession for even a limited time and purpose may be sufficient." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.)

Here, the car was associated with one gang, but was in a rival gang's territory. When the police were spotted, the driver fled, and the occupants were talking and moving "items" around. The gun was visible to an officer standing outside the car, once the front

3

passenger seat was pushed forward.  There was substantial evidence that the minor was a member of the "Wet Town" Sureño gang.  The other occupants in the car were gang members or gang associates.

The juvenile court could rationally find on these facts that the minor, along with the other rear-seat passengers, each knew about and had control over the gun.

The minor relies heavily on *Sifuentes*, *supra*, 195 Cal.App.4th 1410.  In that case, officers entered a motel room to find Sifuentes on one bed, and Lopez, a fellow gang member, near a second bed; a gun was under the mattress of that second bed.  (*Sifuentes*, *supra*, at pp. 1413-1414.)  A gang expert testified gang members share information about the possession and location of guns.  (*Id.* at p. 1415.)  The *Sifuentes* court held no substantial evidence showed Sifuentes had the right to *control* the gun, even if it could be inferred that he knew of its presence, because the gang expert did not testify each gang member had the right to control a "gang" gun.  (*Id*. at pp. 1417-1419.)

*Sifuentes* does not advance the minor's claim because in that case the gun was clearly in the possession and control of Lopez, and it would take an inordinate chain of inferences to show Sifuentes also had the right to control it, namely, that he knew Lopez had a gun, that it was a gang gun, and--absent expert testimony--that each member of that gang had a right of access to any gang gun belonging to any gang member.

Here, the gun was found in the backseat of a car, equally accessible to any of the rear-seat passengers, each of whom was a gang member or associate.  Joint possession of contraband is shown where it is "immediately accessible to [multiple persons] in a place under their control."  (*People v. Austin* (1994) 23 Cal.App.4th 1596, 1609, disapproved on another point in *People v. Palmer* (2001) 24 Cal.4th 856, 861, 867.)  The rear seat was a place under the minor's control, and the gun was "immediately accessible" to him. Substantial evidence shows he possessed it.

4

## II

### *Maximum Possible Confinement Time*

The juvenile court calculated the maximum possible confinement time as four years and six months. On appeal the minor challenges the court's math, and separately contends the sentences on two counts should have been stayed pursuant to Penal Code section 654 (section 654). The People concede error as to each of these claims. We agree with the parties.

The ammunition the minor possessed was in the gun. In such circumstances, section 654 precludes separate punishment for the ammunition and for the gun. (*People v. Lopez* (2004) 119 Cal.App.4th 132, 137-138.) Similarly, the active gang charge was also based on possession of the gun, precluding separate punishment for the gang charge. (*People v. Mesa* (2012) 54 Cal.4th 191, 200-201.)

The correct maximum possible confinement time is as follows: The upper term of three years for the principal offense of unlawful possession by a minor of a firearm, plus one-third the maximum term for misdemeanor battery on school grounds as sustained in the prior petition, or four months. (Pen. Code, §§ 18, 243.2, subd. (a), 1170.1, subd. (a), 29610, 29700, subd. (a)(3); Welf. & Inst. Code, § 726, subd. (c).) The one-third midterms of two months for possession by a minor of ammunition (Pen. Code, §§ 19, 29700, subd. (b)) and eight months for the active gang charge (*id*., § 186.22, subd (a)) must be stayed pursuant to section 654.

We shall modify the dispositional order by specifying that the maximum possible confinement time is three years and four months.

## III

### *Predisposition Credits*

When the juvenile court imposed a 60-day term in juvenile hall, it credited the minor with the 34 days of credit for the time spent in custody on this case. The minor contends, and the People concede, that because the juvenile court had aggregated the

5

current and prior petitions, the minor was entitled to an additional 31 days of credit for the time he spent in custody on the earlier petition.

We agree. (See *In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231-1233; *In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067-1068.) We shall modify the dispositional order by specifying that the minor is entitled to a total of 65 days of predisposition custody credit.

IV

*Weapons Non-Association Probation Condition*

Without objection, the juvenile court imposed the following probation condition: "You are not to own, possess or knowingly associate with anyone who has any firearm or any deadly weapon of any kind including a replica of any weapon."

On appeal the minor contends the provision is overbroad because, "Putting aside that practically anything can be a dangerous weapon, numerous people lawfully possess firearms, most notably police officers. The term would literally prohibit appellant from seeing his probation officer or going to court.

The People agree in part, conceding that the probation condition must be modified, absent objection in the juvenile court, because the term is facially overbroad. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 885-889.)

The People point out that the term "deadly weapon" is not overbroad, but has a settled meaning. (See *In re R.P.* (2009) 176 Cal.App.4th 562, 566-568 [upholding condition forbidding minor from possessing a "dangerous or deadly weapon"].) In the reply brief, the minor disavows any claim to the contrary. However, the parties agree the non-association provision should apply only to persons the minor knows are *unlawfully* possessing weapons. We agree with the parties.

The challenged probation condition is modified to read: "You are not to own or possess any firearm or deadly weapon of any kind, including a replica of any firearm or

6

deadly weapon, and you are not to knowingly associate or remain with anyone who unlawfully possesses any firearm or deadly weapon of any kind."

## DISPOSITION

The delinquency dispositional order is affirmed as modified.  The juvenile court is directed to prepare a new dispositional order reflecting the described modifications.

DUARTE , J.

We concur:

NICHOLSON , Acting P. J.

MAURO , J.

7