Filed 4/30/14  In re Luis Z. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re LUIS Z., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS Z.,<br><br>    Defendant and Appellant. | G048603<br><br>(Super. Ct. No. DL044386)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed as modified.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

On appeal minor Luis Z. asserts the court miscalculated his presentence custody credits. We agree and therefore modify the judgment to reflect the proper number of days of custody credit. In all other respects, we affirm the judgment.

FACTS

Minor admitted the allegations of a juvenile wardship petition (Welf. & Inst. Code, § 602)[1] alleging he committed misdemeanor assault (Pen. Code, § 240) and misdemeanor battery (Pen. Code, § 242). The allegations concerned minor's pushing his mother and throwing things at her. The court granted him informal probation and released him to his mother. Minor served three days in juvenile hall while awaiting disposition of the matter.

Subsequently, a second juvenile wardship petition (§ 602) against minor alleged he committed felony assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)) and felony making criminal threats (Pen. Code, § 422, subd. (a)). The allegations concerned minor's altercation with an employee at Orangewood Children's Home. At a pretrial hearing, the court reduced both allegations to misdemeanors and minor admitted them. The court declared minor its ward and

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

terminated informal probation on the first petition, but granted him formal probation on both petitions and sentenced him to time served, ostensibly 42 days.

*Minor is Entitled to Additional Presentence Custody Credit*

Minor contends, and the Attorney General agrees, that the court erred by failing to give him credit for the three days he served in custody while awaiting the disposition of the first petition against him. They are correct.

"If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] . . . [¶] If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code . . . ." (§ 726, subd (d).) Penal Code section 1170.1 provides: "[W]hen any person is convicted . . . whether in the same proceeding or court or in different proceedings or courts, . . . the aggregate term of imprisonment for all . . . convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed . . . ." (*Id*., subd. (a).) "The California Supreme Court has concluded that when a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions pursuant to these foregoing statutory provisions, the court must also aggregate the predisposition custody credits attributable to those multiple petitions." (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1232.)

3

## DISPOSITION

The judgment is modified to grant defendant a total of 45 days of actual custody credit.  In all other respects, the judgment is affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

4