Filed 10/29/20  In re Trevor M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re TREVOR M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>TREVOR M.,<br><br>          Defendant and Appellant. | A158788<br><br>(Alameda County<br>Super. Ct. No. JV-030896-02) |

Trevor M. appeals from juvenile court orders continuing his wardship and ordering his placement in a group home after he violated the terms of his probation.  He contends that (1) the court abused its discretion by not ordering a less restrictive placement with his aunt; (2) the court erred by failing to specify his maximum period of confinement and custody credits; and (3) clerical errors involving the designation of his offense must be corrected.

While this appeal was pending, the juvenile court dismissed the case because Trevor satisfactorily completed probation.  This development renders the appeal moot.  Although Trevor argues that we should still consider his

1

placement claim because it presents an important public issue that is capable of repetition yet evading review, we decline to do so. Accordingly, we dismiss the appeal.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In February 2019, the San Mateo County District Attorney filed a wardship petition under Welfare and Institutions Code[1] section 602, subdivision (a), alleging a felony count of unlawfully driving or taking a vehicle and a misdemeanor count of driving under the influence of drugs.[2] The allegations were based on an incident earlier that month during which then 16-year-old Trevor drove his mother's vehicle without her consent. Trevor admitted to an amended count of unlawfully driving or taking a vehicle as a misdemeanor, and the count of driving under the influence was dismissed.

The matter was transferred for disposition to Alameda County, where Trevor lived with his father. In April 2019, the juvenile court declared Trevor a ward of the court and placed him on probation with various terms and conditions, including that he not use illegal drugs or medical marijuana. That August, a supplemental petition under section 777 was filed alleging that Trevor violated probation by testing positive for various drugs. The following month, he admitted to violating probation, and the juvenile court ordered him detained in juvenile hall pending a disposition hearing.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2] The felony count was brought under Vehicle Code section 10851, subdivision (a), and the misdemeanor count was brought under Vehicle Code section 23152, subdivision (f).

Trevor sought placement with his maternal aunt instead of either of his parents, but the probation department's disposition report recommended out-of-home placement in a foster or group home. The report noted that both of Trevor's parents "strongly oppose[d]" his placement with his aunt, and the probation officer agreed, especially given Trevor's need for drug treatment and the aunt's estrangement from Trevor's mother. At a disposition hearing on September 27, 2019, the juvenile court ordered that Trevor "be placed in a family home or group home" and scheduled a placement review for October 11, to permit the probation department "to vet the home of the aunt."

Before the October 11 hearing, the probation department submitted a short report stating that Trevor's aunt's home "appear[ed] to be an appropriate placement for Trevor." At the hearing, the juvenile court indicated that it needed additional information before deciding the placement issue, and another placement review was scheduled for two weeks later. On October 28, 2019, the court concluded that placing Trevor with his aunt was inappropriate because of her animus toward Trevor's mother. Instead, the court ordered Trevor to go to a short-term residential therapeutic program, and he was placed in one about a week later.

Trevor appealed from the September 27, October 11, and October 28 orders, and briefing was completed in July 2020. On August 19, Trevor's appellate counsel submitted a letter notifying this court that "while [Trevor] remains on probation, he has been released from the group home and is residing with a parent." Counsel also argued that the appeal should not be dismissed as moot despite the change in placement. We invited the Attorney General to submit a response on the mootness issue, which he did on October 7.

3

Trevor's appellate counsel did not provide the order changing Trevor's placement or identify the date on which it was entered. Nor did the juvenile court provide us with "any other order in the case" entered "after the record [was] certified," as required under California Rules of Court, rule 8.410(b)(2).[3] Thus, we asked the superior court clerk to send us the later orders in the case. In response, the clerk provided five orders not already in our record— including a June 23, 2020 order placing Trevor with his father, to which Trevor's counsel's letter apparently referred.[4]

Also included in the five new orders were an August 24, 2020 minute order terminating probation, dismissing wardship, and dismissing the petition, and an October 9, 2020 order under section 786 sealing the case records. Although we appreciate receiving these orders, they should have been provided to us without our need to make any request. We remind counsel and the juvenile court that we cannot adequately review appellate claims without a proper record of the proceedings below, including orders entered after the certification of the record and especially including orders that may moot those claims or the appeal.

---

[3] The original record was filed in this court on December 2, 2019, and an augmented record was filed on January 29, 2020.

[4] On our own motion, we ordered the appellate record augmented with these five orders.

II.

DISCUSSION

*A.    The Claim Challenging Trevor's Placement in a Group Home Is Moot, and We Will Not Exercise Our Discretion to Decide It.*

Trevor argues that even though he is no longer placed in a group home, his challenge to that placement is not moot. We are not persuaded, and we therefore decline to address his placement claim on the merits.

" 'A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.' " (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.) Generally, moot claims will not be addressed on the merits, since "it is a court's duty to decide ' " 'actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*In re David B.* (2017) 12 Cal.App.5th 633, 644.)

Trevor contends that by placing him in a group home the juvenile court abused its discretion in numerous ways, including by failing to prioritize family-based care over another type of placement, relying on insufficient evidence of either the group home's appropriateness or his aunt's home's inappropriateness, and violating his due process rights. He argues that this claim "is not moot since [he] remains subject to a similar group home placement order so long as he remains under the juvenile court's jurisdiction," and "the group home order could affect [him] in any further proceedings because it reflects negatively on his ability to rehabilitate in a less restrictive placement." He also suggests that we "should reach the merits out of an abundance of caution in [his] best interests, and to avoid any undue inference of approval of the underlying orders which fail to comply

5

with statutory requirements." But the juvenile court no longer has jurisdiction over him, and these arguments therefore hold no weight.

Trevor also argues that even if his claim is moot, we should exercise our discretion to consider it because it involves important issues that are "capable of repetition, yet likely to evade review." "On rare occasions, appellate courts will proceed to decide moot cases presenting 'an issue of broad public interest that is likely to recur.' " (*In re David B.*, *supra*, 12 Cal.App.5th at p. 653.) We agree with Trevor that his claim involves a matter of broad public interest, namely the standards governing placement decisions after enactment of the 2015 Continuum of Care Reform Act, which "sought to improve California's child welfare system." (*In re A.M.* (2020) 53 Cal.App.5th 824, 834.) But his claim focuses on those standards' application to his particular circumstances, not on general questions of law whose resolution might provide guidance in other cases. (See *David B.*, at p. 654 [refusing to resolve "fact-specific" questions raised about matter of public importance].) As a result, we decline to address his claim on the merits.

### B. Trevor's Remaining Claims Are Also Moot.

Trevor also argues that "the remaining issues involving correction of the maximum term, custody credits, and court records" were not rendered moot by the change in placement. Specifically, those claims are that the juvenile court failed to specify the maximum term of confinement and award custody credits for the time he spent in juvenile hall after the disposition hearing, as well as that various references in the record to his offense being a felony must be corrected. Even assuming these claims have merit, as the Attorney General concedes they do, we see nothing to be gained by ordering

corrections to the record now that the case has been dismissed. Thus, these claims are also moot.

## III.
### DISPOSITION

The appeal is dismissed.

_____

Humes, P.J.


WE CONCUR:




_____

Banke, J.




_____

Sanchez, J.


*People v. Trevor M.* A158788


8