Filed 2/19/21  P. v. Remson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEONARD REMSON,<br><br>    Defendant and Appellant. | B296511<br><br>(Los Angeles County<br>Super. Ct. No. 9PH01213)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 17, 2021, be modified as follows:

On the caption page, the name of Commissioner Kawahara is to read:  Robert M. Kawahara, Commissioner.

_____

EDMON, P. J.          LAVIN, J.          DHANIDINA, J.

Filed 2/17/21  P. v. Remson CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LEONARD REMSON,<br><br>　　　Defendant and Appellant. | B296511<br><br>(Los Angeles County<br>Super. Ct. No. 9PH01213) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert W. Kawahara, Commissioner. Dismissed.

Karyn B. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Leonard Remson (defendant) appeals from an order finding him to have violated the terms of his parole and ordering him to serve 180 days in county jail. During the pendency of this appeal, however, defendant completed his sentence and was released from parole supervision. We therefore will dismiss his appeal as moot.

## STATUTORY FRAMEWORK

Penal Code[1] section 3000 provides that a determinate sentence resulting in imprisonment in state prison shall, with exceptions not relevant to the present case, "include a period of parole supervision or postrelease community supervision." (§ 3000, subd. (a)(1).) Unless an inmate receives a sentence of life in prison, the period of parole shall not exceed three years. (§ 3000, subd. (b)(1).)

A three-year parole term may be extended in some circumstances—namely, if a parolee absconds from parole supervision or is returned to custody. In that case, "[t]ime during which parole is suspended because the prisoner has absconded or has been returned to custody as a parole violator shall not be credited toward any period of parole unless the prisoner is found not guilty of the parole violation." (§ 3000, subd. (b)(6).) However, except as provided in section 3064, which excludes from the statutory parole period any time during which a parolee has absconded from parole, "in no case may a prisoner subject to three years on parole be retained under parole supervision or in custody for a period longer than four years from the date of his or her initial parole." (§ 3000, subd. (b)(6)(A).)

---

[1] All subsequent undesignated statutory references are to the Penal Code.

2

Upon the successful completion of parole, or at the end of the maximum statutory period of parole, whichever is earlier, the parolee shall be discharged from supervision.  (§ 3000, subd. (b)(6).)  The maximum statutory period of parole "shall be computed from the date of initial parole and shall be a period chronologically determined."  (*Ibid.*)

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Background*

On October 24, 2012, defendant pled no contest to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike.  The trial court sentenced defendant to three years in state prison, suspended execution of sentence, placed defendant on formal probation for five years, and ordered defendant to serve one year in a residential drug treatment program.

On February 28, 2013, the court revoked defendant's probation and remanded him to county jail.

On July 22, 2014, defendant was released from jail and placed under parole supervision for three years.  (§ 3000, subd. (a)(1), (b)(1).)  Defendant's original parole release date thus was July 22, 2017.

In the years that followed, defendant repeatedly violated the terms of his parole.  In total, he absconded from parole supervision for a total of 540 days, and he was sent back to jail for parole violations at least 12 times.[2]  As a result, his parole release date ultimately was extended to November 26, 2019.

---

[2]    Defendant's counsel stated at a March 7, 2019 hearing that defendant had been remanded for violating parole 12 times; a February 19, 2019 report stated that defendant had violated his parole 13 times.  The appellate record does not contain any

3

*B. The Present Proceeding*

On February 8, 2019, defendant violated the terms of his parole by failing to charge his electronic monitoring device. He was arrested on the morning of February 8, 2019. On February 20, 2019, a petition was filed to revoke defendant's parole.

At a March 7, 2019 hearing, defense counsel stated that for each prior parole violation, defendant had been sentenced to either 135 or 180 days in custody and had served approximately 80 days. Counsel said defendant thus had spent in excess of three years in jail—19 months on the original three-year sentence, and more than two years for parole violations. Because the time defendant actually served exceeded the three-year sentence originally imposed, defendant believed he should no longer be on parole.

The court rejected defendant's contention, noting that "[u]ntil th[e] law is changed—challenged and changed, that's pretty much the law right now." The court therefore revoked defendant's parole and ordered defendant to serve 180 days in county jail, for which he was credited 46 days (23 days actual time served, plus 23 days of good time/work time credit).

Defendant timely appealed from the March 7, 2019 order.

---

further information about defendant's parole violations or additional custody time served.

## DISCUSSION

Defendant's primary contention on appeal relies on section 4019, which provides that when a prisoner is confined in a county jail following a violation of parole, "a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subds. (a)(5), (f).) Defendant contends that section 4019 must be read in concert with section 3000 (described above—see Statutory Framework, *ante*), such that the maximum four-year parole period prescribed by section 3000, subdivision (b)(6)(A) "includes custody credits earned under Penal Code section 4019." Defendant urges that as so calculated, his parole term had expired before the trial court imposed the additional 180-day sentence on March 7, 2019, and thus the trial court lacked authority to impose the additional sentence. Defendant therefore urges us to reverse the March 7, 2019 order and remand for resentencing.

The Attorney General urges that defendant's appeal is moot because defendant has completed his 180day sentence and his period of parole supervision has expired. As a result, this court cannot provide defendant with any effective relief. In the alternative, the Attorney General contends that defendant's contention is without merit because section 3000, subdivision (b)(6) expressly provides that a defendant's time spent in custody for violating parole "*shall not be credited* toward any period of parole unless the prisoner is found not guilty of the parole violation." (Italics added.) Accordingly, defendant's parole term had not yet expired when the trial court remanded him to custody on March 7, 2019.

We agree with the Attorney General that the present appeal should be dismissed as moot. " 'A case becomes moot

5

when a court ruling can have no practical impact or cannot provide the parties with effective relief.' " (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.) Generally, moot claims will not be addressed on the merits, since "it is a court's duty to decide ' " 'actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*In re David B.* (2017) 12 Cal.App.5th 633, 644.) Accordingly, " ' "[w]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*).)

In the present case, defendant was sentenced on March 7, 2019 to serve 180 days in jail, for which he was credited 46 days for time served. Thus, the latest defendant could have been released was 134 days later, or in mid-July 2019. Defendant therefore completed serving the sentence from which he appeals nearly a year before he filed his opening brief in this appeal.

Moreover, it is undisputed that defendant's parole term expired during the pendency of this appeal. While the parties disagree as to when defendant's parole term expired—defendant asserts that it expired on November 26, 2019, while the Attorney General says it expired on January 13, 2020—there is no question that defendant is no longer on parole in connection with his October 24, 2012 no-contest plea. Accordingly, because our resolution of defendant's appellate contentions can offer him no

6

relief, defendant's appeal is moot.  (See *DeLeon*, *supra*, 3 Cal.5th at p. 645.)

Although defendant acknowledges that his appeal is moot, he urges us to exercise our discretion to review the legal issue presented because it "is likely to recur, might otherwise evade appellate review, and is of continuing public interest.  (*People v. Cheek* (2001) 25 Cal.4th 894, 897–898.)"  (*People v. Morales* (2016) 63 Cal.4th 399, 409.)  We do not agree.  Although the particular parole violation at issue in this appeal occurred late in defendant's parole term, the legal issue defendant raises would be equally applicable to parole violations occurring earlier in a parolee's parole term—and if so raised, could be decided at a time when a court could offer a parolee effective relief.  As such, there is no reason to believe that defendant's appellate contention is likely to evade appellate review.

Moreover, defendant's appellate contention relies on a calculation of time served that is not supported by the very limited appellate record before us.  Defendant asserts that when the court sentenced him to serve an additional 180-day custodial term on March 7, 2019, he had already served (or had been sentenced to serve) a total of 2,115 days, or more than five years, in custody for parole violations.  However, this assertion is based entirely on counsel's "cursory calculation based on [defendant's] representation," rather than on any admissible evidence of the number of times defendant was returned to custody and the amount of time served on those sentences.  The present case, therefore, is not an appropriate one for this court to exercise its discretion to decide an otherwise moot claim.  (Compare *Californians for Alternatives to Toxics v. Department of Pesticide Regulation* (2006) 136 Cal.App.4th 1049, 1070 [exercising

7

discretion to review moot claim where "the record before us contains all the information necessary to review these claims de novo"].)

For all of these reasons, we decline to exercise our discretion to consider defendant's moot challenge to the March 7, 2019 order remanding defendant to custody for violating the conditions of his parole.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.