Filed 6/8/21  In re Guyton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re FRANCISCO G. GUYTON | F077953 |
| On Habeas Corpus. | |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Matthew Rodriquez, Acting Attorney General, Phillip J. Lindsay, Assistant Attorney General, Jessica N. Blonien and Maria G. Chan, Deputy Attorneys General, for Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Smith, J. and Meehan, J.

## INTRODUCTION

In 2016, voters approved Proposition 57, which added a provision to the California Constitution that significantly expanded parole eligibility for all state prisoners convicted of a nonviolent felony offense. (Cal. Const., art. I, § 32, subd. (a)(1).) Petitioner Francisco G. Guyton contends the implementing regulations promulgated by the Department of Corrections and Rehabilitation (CDCR) invalidly exclude him from Proposition 57 relief based on a prior conviction that requires him to register as a sex offender under the Sex Offender Registration Act (Pen. Code, §§ 290-290.024).

During the pendency of this petition, petitioner was afforded an initial parole consideration hearing, apparently due to his having reached his minimum eligible parole date (Pen. Code, § 3046, subd. (a)(2)). Additionally, our Supreme Court invalidated the regulations at issue here in *In re Gadlin* (2020) 10 Cal.5th 915 (*Gadlin*). Accordingly, petitioner has received the relief he requests in this matter, and the petition no longer presents an actual controversy.

We therefore discharge our order to show cause and deny the petition as moot.

## PROCEDURAL HISTORY

In 1999, a jury convicted petitioner of failure to register as a sex offender. (Former Pen. Code, § 290, subd. (g)(2), now codified as Pen. Code, § 290.018, subd. (b).) (*People v. Guyton* (Sep. 13, 2000, C032739) [nonpub. opn.] (*Guyton*).) In the same case, petitioner admitted three prior serious felony convictions: (1) a 1979 conviction for first degree burglary; (2) a 1979 conviction for forcible oral copulation; and (3) a 1979 conviction for forcible sodomy. (*Ibid.*; see Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b).) Petitioner was sentenced to a term of 25 years to life pursuant to the Three Strikes law. (*Guyton*, C032739; see Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (c)). On appeal, the Third District Court of Appeal affirmed. (*Guyton*, C032739.) Our Supreme Court denied review. (*Id.*, review denied Nov. 29, 2000, S092431.)

2.

In July 2018, petitioner filed a petition for writ of mandate in the superior court, challenging his exclusion from nonviolent parole consideration by CDCR. On July 30, 2018, the superior court construed the petition as a petition for writ of habeas corpus and denied the petition "for the reasons set forth in the Third Level Response of [CDCR]." CDCR's Third Level Appeal Decision on petitioner's administrative appeal had concluded that, under the then-applicable regulations, petitioner was not entitled to early parole consideration because he had been sentenced to a life term and because he was required to register as a sex offender pursuant to Penal Code section 290.

On August 20, 2018, petitioner filed a petition for writ of habeas corpus in this court. After informal briefing, we issued an order to show cause why the relief requested in the petition should not be granted, and we appointed counsel to represent petitioner. We concluded petitioner had stated a prima facie case showing he was entitled to Proposition 57 parole consideration, despite then-current California Code of Regulations, title 15, section 3491, subdivision (b)(3),[1] which denied early parole consideration to all Penal Code section 290 registrants. However, we denied as moot petitioner's claim that he was entitled to Proposition 57 parole consideration despite the regulation which denied early parole consideration to third strike inmates incarcerated for a life term with the possibility of parole.[2] The Attorney General filed a return to the order to show cause, arguing that petitioner was ineligible for early parole consideration based on his prior convictions that require him to register as a sex offender. Petitioner filed a traverse and

---

[1]     Further undesignated references to the California Code of Regulations are to title 15.

[2]     As explained below, the regulation excluding third strike offenders from nonviolent parole consideration was invalidated in *In re Edwards* (2018) 26 Cal.App.5th 1181, 1192-1193 (*Edwards*), and CDCR thereafter adopted emergency regulations to comply with that holding. (See *In re Arroyo* (2019) 37 Cal.App.5th 727, 730; Cal. Code Regs., § 3496, subd. (a); see also *id.*, § 3491, subd. (b)(1), Register 2018, No. 52 (Dec. 26, 2018).)

reply, arguing then-current section 3491, subdivision (b)(3) of the California Code of Regulations should not apply to him.

On February 4, 2021, we ordered the parties to file supplemental briefs addressing our Supreme Court's recent opinion in *Gadlin*, *supra*, 10 Cal.5th 915. In response, petitioner argued *Gadlin* supported the issuance of the writ in this case. However, the Attorney General argued the petition had become moot after petitioner was afforded a parole suitability hearing on November 19, 2020, based on having reached his minimum eligible parole date (Pen. Code, § 3046, subd. (a)(2)). The Attorney General also pointed out that *Gadlin* invalidated the regulations at issue in this case, and argued the petition also was moot on that basis. Petitioner filed no reply and the time for doing so has passed.

## DISCUSSION

### A. Proposition 57

In November 2016 the electorate approved Proposition 57. (Cal. Sect. of State, Statement of Vote Summary Pages (2016) p. 12 <https://elections.cdn.sos.ca.gov/sov/ 2016-general/sov/06-sov-summary.pdf> [as of June 8, 2021].) Relevant here, the initiative added section 32 to article I of the California Constitution, which states: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Art. I, § 32, subd. (a)(1).) It further provides that "the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (*Id.*, § 32, subd. (a)(1)(A).) The new provision also directed CDCR to "adopt regulations in furtherance of these provisions" and instructed the Secretary of CDCR to "certify that these regulations protect and enhance public safety." (*Id.*, § 32, subd. (b).)

In March 2017, CDCR adopted temporary emergency regulations to implement Proposition 57. Those regulations defined a "nonviolent offender" as an inmate who was

4.

not, among other things, convicted of a sex offense requiring registration under Penal Code section 290. (*Gadlin*, *supra*, 10 Cal.5th at pp. 923-924; Cal. Code Regs., §§ 2449.1, former subds. (a), (c), 3490, former subds. (a), (c).) "Under the emergency regulations, inmates with current or prior sex offense convictions requiring registration were excluded from nonviolent offender parole consideration." (*Gadlin*, at p. 924.)

In May 2018, CDCR replaced the emergency regulations with final regulations. "The May 2018 regulations modified the March 2017 emergency regulations in various ways, including by changing the definition of 'nonviolent offenders.' As relevant here, the final regulations do not exclude from the definition of 'nonviolent offenders' individuals convicted of a current or prior sex offense requiring registration. (See Cal. Code Regs., §§ 3490, subd. (a) [defining 'determinately-sentenced nonviolent offender'], 3495, subd. (a) [defining 'indeterminately-sentenced nonviolent offender'].) Thus, inmates with prior sex offenses requiring registration may be deemed 'nonviolent offenders' under the final regulations (unless they are excluded on another basis). The regulations state too that nonviolent offenders 'shall be eligible for parole consideration by the Board of Parole Hearings.' (*Id.*, § 3491, subd. (a); see also § 3496, subd. (a).) [¶] The final regulations go on to say that, '[n]otwithstanding [section 3491,] subsection (a),' even nonviolent offenders are 'not eligible for parole consideration' if, among other things, '[t]he inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in Sections 290 through 290.024 of the Penal Code.' (Cal. Code Regs., § 3491, [former] subd. (b), (b)(3); see also § 3496, [former] subd. (b).)"[3] (*Gadlin*, *supra*, 10 Cal.5th at

---

[3]    "In addition to excluding from parole consideration inmates convicted of prior offenses requiring registration, the May 2018 regulations categorically excluded certain other 'nonviolent offenders': (i) inmates deemed ineligible based on a public safety screening and referral, and, as noted, (ii) inmates serving an indeterminate term under the Three Strikes law, even when the third strike was a nonviolent felony. Courts of Appeal have invalidated both exclusions as inconsistent with Proposition 57 and have directed

p. 924, fn. omitted.) The final statement of reasons accompanying the May 2018 regulations explained that "inmates currently or previously convicted of a sex offense requiring registration would be excluded from nonviolent offender parole consideration based on public safety concerns." (*Id*. at pp. 924-925.)

In *Gadlin*, our Supreme Court held that CDCR's regulations that "treat all individuals with convictions for registerable sex offenses as categorically ineligible for parole, even when [CDCR's] own regulations classify those inmates as having been convicted of a nonviolent felony" were inconsistent with the Constitution as amended by Proposition 57. (*Gadlin*, *supra*, 10 Cal.5th at p. 943.) Accordingly, the high court directed CDCR to treat as void and repeal then-current sections 3491, subdivision (b)(3), and 3496, subdivision (b) of the California Code of Regulations, and to make any further conforming changes necessary to render the regulations consistent with article I, section 32, subdivision (a)(1) of the California Constitution and the court's opinion. (*Gadlin*, at p. 943.)

Following *Gadlin*, in April 2021, CDCR adopted temporary emergency regulations which repealed the regulations invalidated in *Gadlin* (Cal. Code Regs., §§ 3491, subd. (b)(3), 3496, subd. (b), Register 2021, No. 18 (Apr. 29, 2021)), and provided a timeframe for scheduling parole consideration for all nonviolent offenders who became eligible for an initial parole consideration hearing as a result of *Gadlin* (Cal. Code Regs., §§ 2449.32, subd. (c), 3492, subd. (f), 3496, subd. (b), 3497, subd. (e), Register 2021, No. 18 (Apr. 29, 2021)).

---

[CDCR] to adopt new regulations consistent with the constitutional provision. (See *In re McGhee* (2019) 34 Cal.App.5th 902 . . . ; *Edwards*, *supra*, 26 Cal.App.5th at p. 1181.) [CDCR] did not seek review in either case." (*Gadlin*, *supra*, 10 Cal.5th at p. 925.) Instead, CDCR amended its regulations to comply with both decisions. (*Id*. at p. 925, fn. 10; see Cal. Code Regs., §§ 3490-3491, 3495-3496.)

**B.    The Petition is Moot**

" 'A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.' " (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.)

Here, the petition is moot because petitioner has received an initial parole consideration hearing under a different provision of law. The initial parole consideration hearing was required to be conducted in compliance with the same requirements applicable to any hearing he may have been eligible for under the nonviolent offender parole process. (Cal. Code Regs., § 2449.32, subd. (d).) Proposition 57 and the implementing regulations do not entitle him to an additional parole consideration hearing under the nonviolent offender parole process. (Cal. Code Regs., § 2449.31, subd. (b)(2).) Because petitioner has received his desired remedy, a favorable decision from this court could have no practical impact. Petitioner has not argued otherwise.

We note that petitioner did not request that we invalidate section 3491, former subdivision (b)(3) of the California Code of Regulations, which denied early parole consideration to all Penal Code section 290 registrants. Even if he had, this provision was invalidated in *Gadlin* and subsequently repealed by CDCR. (*Gadlin*, *supra*, 10 Cal.5th at p. 943; Cal. Code Regs., § 3491, Register 2021, No. 18 (Apr. 29, 2021)). Thus, no further remedy is available to petitioner in this regard.

Petitioner has received the remedy he requested in his petition and the benefit of our Supreme Court's decision in *Gadlin*. There are no justiciable issues left for us to decide and the petition has been rendered moot.

## DISPOSITION

The order to show cause is discharged, and the petition for writ of habeas corpus is denied as moot.

7.