Filed 10/29/20  P. v. Davila CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALBERT DAVILA, JR.,<br><br>　　　Defendant and Appellant. | A157826<br><br>(Solano County<br>Super. Ct. No. VCR232169) |

Appellant Albert Davila, Jr., was on October 18, 2018, charged by the Solano County District Attorney with a single count of evading a pursuing peace officer in willful disregard of public safety.  (Veh. Code, § 2800.2, subd. (a).)  (Section 2800.2, subd. (a).)  After a one-day trial, a jury found him guilty.  At sentencing on July 9, 2019, the court suspended imposition of sentence and placed him on formal felony probation with the condition, among others, that he serve 210 days in county jail.

This timely appeal advances two claims:  (1) the court's conclusion that section 2800.2, subdivision (a) eliminated judicial discretion to impose a jail term of less than 180 days misinterpreted the statute, and the failure to consider imposition of a lesser term constituted a denial of due process requiring remand for resentencing; and (2) the court's failure to consider appellant's ability to pay before imposing restitution, fines, and other fees

1

also requires that the case be remanded to enable the court to make that inquiry.

For the reasons set forth below, we shall find it unnecessary to determine whether the court misinterpreted section 2800.2, subdivision (a) because, even if it did, it was harmless. We shall also find that, in the circumstances of this case, the court's failure to inquire into appellant's ability to pay before imposing various fines and fees was not prejudicial error.

## FACTS AND PROCEEDINGS BELOW

### *The People's Evidence*

On Monday, May 12, 2018, about 7:00 p.m., Vallejo Police Officers Travis Aspergren and Ken Jackson saw a gray, pickup truck "spinning donuts" on Pomona Street in a residential neighborhood of North Vallejo. The truck was several blocks away from the officers, who noticed parked vehicles on both sides of the street near the truck and children playing on the nearby sidewalk. Officer Aspergren described "donuts" as "when a car stays in one place and drives around in a circle, causing skid marks and smoke." After observing this activity, Officer Aspergren activated his patrol car's emergency lights and drove toward the truck while Officer Jackson notified dispatch about what was happening.

Concerned about public safety, the officers intended to conduct a traffic enforcement stop. After it stopped spinning, the truck proceeded toward the oncoming patrol car, eastbound on Whitney toward Pomona Street. When the driver of the truck saw the officers, he turned onto Pomona without signaling or slowing down. The officers followed the truck, which was then travelling at 40 to 50 miles per hour in a 25 miles-per-hour residential zone. At the intersection of Pomona and Stanford Streets the truck turned right onto Stanford without halting at a stop sign. The truck ran through another

2

stop sign at Stanford and Mini Streets, where children were playing in the street and pedestrians were on the sidewalks.

At the intersection of Stanford and Corcoran Streets, the driver tried to turn right into Corcoran but was unable to complete the turn because the vehicle was moving too fast. Instead, the driver drove onto the lawn and within five feet of the house at 156 Stanford Street. The driver then put the truck into reverse and crossed Stanford before crashing into two parked cars and a tree. When the driver, appellant, alighted from the vehicle, Officers Aspergren and Jackson approached him with guns drawn, ordered him to the ground, and handcuffed him. In the truck, the officers found an open bottle of vodka. The owner of 156 Stanford Street found damage from the truck in the front of her house, as well as cracked drywall inside the home.

### The Defense Evidence

Appellant, the sole defense witness, testified that on the day of the incident he attended a family barbecue. After leaving the event and on the way to a McDonald's, he stopped at a stop sign at the intersection of Mini and Whitney Streets. While there, "a couple of people from the neighborhood that were local . . . told me my car was old and it couldn't do donuts and everything." Deciding to show them wrong, appellant performed some donuts. Seeing some of the neighborhood people smile, appellant drove to the smaller intersection at Stanford and Corcoran, thinking it was "more of a challenge." He tried to slow down as he approached the intersection but his brakes failed and he drove onto the lawn of a house. As he backed up, the engine unexpectedly "accelerated extremely fast," and he tried but was unable to use the handbrake to avoid hitting parked cars.

Appellant testified he had not seen officers Aspergren and Jackson until after he hit the parked cars and thought they were there to help, not

arrest him. He didn't see the officers earlier because he was distracted by the smoke and noise from his donuts. Appellant testified, "I couldn't intend to evade them if I didn't see them."

## DISCUSSION

As earlier noted, appellant makes two claims—that the trial court erred in (1) interpreting section 2800.2, subdivision (a) as depriving it of discretion to impose a jail term of less than 180 days, and (2) failing to consider appellant's ability to pay before imposing restitution, fines, and other fees—and we address them in turn.

### I.

Section 2800.2, subdivision (a) provides as follows:

"If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by *imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year*. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine." (Italics added.)

The offense section 2800.2, subdivision (a) refers to is an "alternative felony/misdemeanor, commonly referred to as a "wobbler" (*People v. Statum* (2002) 28 Cal.4th 682, 685); that is, the offense "is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under Penal Code section 17, subdivision (b)." (*Id.* at p. 685.) In this case, the People did not charge the offense as a misdemeanor and the court did not reduce it to the lower offense.

4

The probation department recommended appellant be granted probation and deferred to the court whether it should include a jail sentence. At the sentencing hearing, the court observed that even if it granted probation the plain language of section 2800.2, subdivision (a) required a jail term between six months and one year as a condition of probation. Disagreeing, defense counsel argued that the statute does not explicitly mandate punishment "by imprisonment in the state prison, or by confinement in the county jail for not less than six months . . ." where, as here, the person is granted probation. Counsel urged the court to impose a jail term less than six months.

After appellant waived arraignment, the court observed that though it agreed with the People that a low term was possible, it was nevertheless also "willing to afford [appellant] the opportunity of formal probation." The court expressed its determinations as follows:

"So I will suspend the imposition of judgment and sentence, place him on formal probation for three years. I'm going to sentence him to—and by the way, the law under 2800.2 says the following if a person is convicted of this, 'Shall be punished in state prison or in county jail for not less than six months, no more than a year. Shall be punished by imprisonment in state prison or confinement in county jail for not less than six months, no more than a year.

"I will take that on its face for what I think that means. I'm going to sentence him to 210 days today. I'm coming off of the People's request for a year because, again, despite the recklessness of this, it was somewhat of a short pursuit.

"And, again, doing donuts in the street where there is kids playing is extremely reckless, and then losing control of his vehicle and damaging

5

property in the community, again, is extremely dangerous.  So, I'm going to come off the one year and come down to 210 days.

"I'm going to give him credit for two plus two against that.[1]  He will serve that [sentence] forthwith.  I will order a 300-dollar fine pursuant to 1202.4.  300-dollar fine pursuant to 1202.44.  That will be stayed.  300-dollar probation fee.  40-dollar security surcharge.  A 30-dollar criminal conviction fee.

"He will pay restitution to the victims as determined by Probation.  We will retain jurisdiction for any restitution disputes.  He will provide financial information as requested by Probation.  Report to Probation for a financial evaluation as to his ability to pay these costs."

Appellant argues that the provisions of section 2800.2, subdivision (a) relating to custody "only provides that the convicted defendant 'shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year.'  It says nothing about the length of any imprisonment which is a term of probation."  According to appellant, "[t]he alternative sentencing language in section 2800.2, subdivision (a), places no restriction on the court's authorization to sentence a misdemeanor and impose a county jail term.  Such language refers only to imposition of sentence and does not impose any limitations on the court's discretion to impose jail time as a term of probation, when the court suspends imposition of sentence and grants probation.  When the court chose to grant formal felony probation to appellant, it could have elected to require any county jail term up to one year or none at all.  No jail time is mandated as a condition of probation for violation of Vehicle Code section 2800.2,

_____

[1] That is, the court awarded appellant four days of credit pursuant to Penal Code section 4019.

6

subdivision (a). The court had broad discretion and could have considered granting misdemeanor probation with no jail time."

Appellant maintains that because the court "did not understand the true scope of its sentencing power," we should remand the case and "advis[e] the court that it is not required to impose a minimum jail term when it orders probation."

We find it unnecessary to address appellant's theory regarding the scope of the court's sentencing authority. As the Attorney General points out, not only has appellant already served the 210-day jail sentence imposed by the court but, as we shall explain, it is implausible appellant would have received a lesser sentence absent the alleged error, even if prejudice is measured by the high standard prescribed in *Chapman v. California* (1976) 386 U.S. 18 (*Chapman*).

As appellant recognizes, courts may not " ' "declare principles or rules of laws which cannot affect the matter in issue in the case before it" ' " and " ' "[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." ' " (*In re Arroyo* (2019) 37 Cal.App.5th 727, 732.) While appellant has not finished serving his felony sentence of three years on probation, we can and do take judicial notice of the fact that more than 210 days have passed since July 9, 2019, when the court ordered him to "forthwith" begin serving that period in county jail as a condition of felony probation. As courts have frequently held, when " 'pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for [the reviewing] court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment,

7

but will dismiss the appeal. [Citations.]" [Citations,]' " (*In re Sodersten* (2007) 146 Cal.App.4th 1163, 1217.**)**

The Attorney General acknowledges several exceptions to this rule, as where the defendant has served his sentence but could suffer adverse collateral consequences in the future as a result of either the sentence or the conviction, citing as an example, *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369. However, the Attorney General maintains no such exception applies here because the only adverse consequences appellant will suffer results from the conviction by a jury of felony evasion of a peace officer.

Appellant does not quarrel with the Attorney General's argument because he does not rely on the exception the Attorney General addresses or any other established exception to the mootness rule. Appellant argues instead that the case is not genuinely moot. According to appellant, reversal and remand have a "practical impact" that is "positive." This is so, he says in his reply brief, because the "Full Resentencing Rule" announced by the Supreme Court in *People v. Buycks* (2018) 5 Cal.5th 857, gives the trial court authority, following recall of a sentence, to "modify every aspect of the sentence, and not just the portion subject to recall." (*Id.* at p. 893.) Thus, appellant argues, "[w]ith a clear understanding of the correct sentencing parameters, *Buycks* leaves open the possibility that given appellant's positive compliance on probation and with an updated probation report, the court could reduce the conviction to a misdemeanor and resentence appellant to a misdemeanor under [Penal Code] section 17, subdivision (b)."

Appellant's contention—that this appeal is not moot because the alleged error is prejudicial—is untenable.

First, nothing in the record indicates either that appellant has demonstrated "positive compliance" on probation or that an updated post

remand sentencing report would be so favorable to appellant that it would induce the court to reduce appellant's offense from a felony to a misdemeanor. Furthermore, the trial judge's explanation for requiring appellant to serve 210 days in jail provide no reason to think he would reduce appellant's offense from a felony to a misdemeanor if now provided the opportunity. As noted in the probation department's report to the court, appellant's "record of criminal conduct, as both an adult and a juvenile, indicates a pattern of criminal conduct, which appears to be escalating." As an adult, appellant already has two prior misdemeanor convictions for "hit and run and wet and reckless" driving offenses, and his conduct in this case indicates he was not chastened by the punishment he received for the prior driving offenses.

We ordinarily review sentencing error for prejudice under the standard prescribed in *People v. Watson* (1956) 46 Cal.2d 818, 836, which is whether it is reasonably probable the defendant would have received a more favorable ruling absent the error. Appellant maintains that the higher standard prescribed in *Chapman, supra,* 386 U.S. at pages 23–24—that the error be harmless beyond a reasonable doubt—applies here because the alleged sentencing error violated his due process right under the Fourteenth Amendment.

The trial court's stated agreement with the reasonableness of the term proposed by the People due to the recklessness of appellant's conduct that endangered the lives of children and caused property damage, the thoughtfulness of the court's explanation of the sentence it imposed, and appellant's prior violations of the Vehicle Code indicate the court considered the 210-day jail term somewhat lenient, which hardly suggests it would likely reduce the felony offense of which appellant was convicted by a jury to a

9

misdemeanor if given the opportunity. This conclusion is reinforced by the fact that the court declined to impose a 180-day jail term it believed it could have imposed. The sentencing error, if any, would be harmless under both the *Chapman* and *Watson* tests.

Thus, we turn to the remaining issue, whether it was error for the court to impose restitution, fines, and other fees on appellant without first investigating his ability to pay.

## II.

At the end of the sentencing hearing, the court ordered appellant to pay a $300 restitution fine, which was the statutory minimum (Pen. Code, § 1202.4), as well as a $40 court operations fee (Pen. Code, § 1465.8), a $350 probation administration fee (Pen. Code, § 1203.1, subd. (b)), and a $30 criminal conviction assessment. (Gov. Code, § 70373.) The court made no inquiry into appellant's ability to pay prior to imposing these fines and fees.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), appellant maintains that the fines and other assessments just described were imposed unconstitutionally. *Dueñas* held that due process requires a trial court to conduct a hearing to ascertain a defendant's ability to pay before imposing court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373. (*Dueñas,* at p. 1164.) *Dueñas* further held that restitution fines under Penal Code section 1202.4 must be imposed and stayed unless and until the People demonstrate that a defendant has the ability to pay the fine. (*Dueñas*, at pp. 1172–1173.)

Courts after *Dueñas* have reached different conclusions on the issue of forfeiture. (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155 [finding forfeiture, as "*Dueñas* applied law that was old, not new"] with *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [declining to find

10

forfeiture for "a newly announced constitutional principle that could not reasonably have been anticipated at the time of trial"]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 [noting while *Dueñas* was founded on longstanding constitutional principles, the statutes at issue "were routinely applied for so many years without successful challenge [citation], [court was] hard pressed to say its holding was predictable and should have been anticipated"].)[2]

On the merits, *Dueñas* has been criticized by some but by no means all Courts of Appeal. (See, e.g., *People v. Caceres* (2019) 39 Cal.App.5th 917, 923, 926, review den. Jan. 2, 2020 [*Dueñas* due process analysis did "not justify extending its holding beyond those facts"]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060, review den. Dec. 11, 2019 [*Dueñas* wrongly decided; constitutional challenge to imposition of fines, fees, and assessments should be based on excessive fines clause of Eighth Amendment]; *People v. Hicks* (2019) 40 Cal.App.5th 320, 325–329, review granted Nov. 26, 2019, S258946 [*Dueñas* wrong to conclude due process considerations may bar assessments, fines, and fees; such costs and fines do not deny criminal defendants access to courts]; *People v. Kopp* (2019) 38 Cal.App.5th 47, 95–97, review granted Nov. 13, 2019, S257844 [rejecting *Dueñas* analysis with respect to restitution fines, which should be analyzed under excessive fines clause, but following *Dueñas* as to court fees and assessments].)

---

[2] This division has in prior cases agreed with the *Castellano* and *Johnson* courts. Given courts' longstanding routine imposition of statutory fees, fines, and assessments prior to *Dueñas*, we do not think it reasonable to say the constitutional rule announced in that case should have been anticipated by all competent counsel. However, as will be seen presently, no such anticipation was required in this case; although forfeiture for other reasons remains at issue.

*Dueñas* is clearly distinguishable from this case because, unlike Dueñas, appellant did not at sentencing object to the fines and assessments he now challenges. However, the reason he failed to object did not result from an understandable failure to anticipate a "newly announced constitutional principle that could not reasonably have been anticipated at the time of trial." (*People v. Castellano, supra,* 33 Cal.App.5th at p. 489.) Appellant was sentenced on July, 9, 2019, which was six months *after Dueñas* was decided. Thus, relying on *People v. Scott* (1994) 9 Cal.4th 331, which holds that in order to preserve a sentencing issue for appellate review, the defendant must raise the issue in the sentencing court, the Attorney General maintains that appellant's failure to make a *Dueñas* objection at his sentencing cannot be excused and forfeits the *Dueñas* objection he belatedly advances in this court.

In response, appellant urges us to adopt the analysis of the Sixth Appellate District in *People v. Santos* (2019) 38 Cal.App.5th 923, which according to appellant "recently held that failure to object below did not forfeit appellate challenges to monetary assessments." The opinion in *Santos* provides appellant no support.

Santos's sentencing occurred one year *before Dueñas* was decided, Santos *did* object to the probation department's recommended restitution fine, and the parties in *Santos* agreed that "the trial court should not have imposed the court operations and criminal conviction assessments without first determining Santos's ability to pay, since the record shows that he was indigent at the time of sentencing" and that "the matter should be remanded for an ability-to-pay determination. (*People v. Santos, supra,* 38 Cal.App.5th at p. 933.) The situation in this case is dramatically different.

Appellant's alternative argument is that "any failure to challenge the monetary assessments because of appellant's inability to pay is based on ineffective assistance of counsel." However, as the Supreme Court has explained, it is particularly difficult to prevail on a claim of ineffective assistance on direct appeal (*People v. Mai* (2013) 57 Cal.4th 986, 1009), and the conventional means of raising such claims is a petition for writ of habeas corpus. (*People v. Pope* (1979) 23 Cal.3d 412, 426.) To prevail on appeal, appellant must demonstrate not only that counsel's representation fell below an objective standard of reasonableness and resulting prejudice, but also that the record " ' "affirmatively discloses that counsel had no rational tactical purpose for [his or her] act or omission." ' " (*People v. Lucas* (1995) 12 Cal.4th 415, 436–437, quoting *People v. Zapien* (1993) 4 Cal.4th 929, 980.) " ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' (*People v. Wilson* (1992) 3 Cal. 4th 926, 936, quoting [*Pope,* at p.] 426.)" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

The record before us is entirely silent as to why defense counsel raised no objection to the fines and fees imposed by the court, which totaled $720, based on ability to pay. But the record does show that appellant graduated from high school eight years ago and attended a community college; and though he is currently unemployed he has worked for United Parcel Service, Target, and most recently Petaluma Poultry; and he recently received an opportunity of employment from Federal Express. According to the probation department, appellant "has also expressed interest in going back to school in the future to study business as he hopes to open his own hair/nail salon one

13

day."  Counsel may have believed appellant had the ability to pay and raising an objection on this ground would be futile (*People v. Thompson* (2010) 49 Cal.4th 79, 122 ["[c]ounsel is not ineffective for failing to make frivolous or futile motions"]), or even could risk discouraging the court from eliminating or lowering a jail term.  Appellant has not met his burden of showing ineffective assistance of counsel on appeal.  (*People v. Keene* (2019) 43 Cal.App.5th 861, 864–865.)

## DISPOSITION

For the foregoing reasons, the judgment, including the sentence imposed, are affirmed.

 

 

_____

Kline, P.J.

We concur:


_____

Stewart, J.


_____

Miller, J.

*People v. Davila, Jr.* (A157826)

15