Filed 6/25/19; Certified for Publication 7/17/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re TONY JIMENEZ ARROYO<br><br>    on Habeas Corpus. | G056020<br><br>(Super. Ct. No. M-17142)<br><br>O P I N I O N |

        Original proceedings; petition for a writ of habeas corpus.  Cheri T. Pham, Judge.  Order to show cause discharged; petition denied.

        Tony Jimenez Arroyo, in pro. per.; Michael S. Romano, Milena Blake and Susan L. Champion, Three Strikes Project, Stanford Law School, for Petitioner.

        Xavier Becerra, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray and Linnea D. Piazza, Deputy Attorneys General, for Respondent.

                        *                *                *

I.

FACTS AND PROCEDURAL HISTORY

A jury convicted petitioner Tony Jimenez Arroyo of one count of attempted second degree robbery (Pen. Code, §§ 664, 211, 212.5, subd. (c), & 213, subd. (a)(2)(b)), and one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) (all undesignated statutory references are to the Penal Code).)  It also found true two prior serious felony allegations (§ 667, subd. (a)), two strike allegations (§ 667, subds. (d) & (e)(2)), and four one-year prior prison commitment allegations (§ 667.5, subd. (b)).

The trial court imposed an indeterminate 35-years-to-life sentence: 25 years to life under the Three-Strikes law on the attempted robbery charge, plus a 10-year sentence for the serious felony priors.  Sentencing on the assault charge and the four one-year prison commitment allegations was stayed.  We affirmed the judgment on direct appeal.  (*People v. Tony Jimenez Arroyo* (Nov. 3, 1998, G020503) [nonpub. opn.].)  The parties agree Arroyo is currently serving his sentence as "an indeterminately sentenced nonviolent offender."

Arroyo filed a habeas corpus petition in the superior court challenging the California Department of Corrections and Rehabilitation (CDCR) regulations that at the time made three strike offenders serving an indeterminate sentence for a nonviolent offense ineligible for early parole consideration under Proposition 57, the Public Safety and Rehabilitation Act of 2016.[1]  The superior court denied the petition because Arroyo failed to exhaust his administrative remedies by not first seeking review through CDCR's Inmate Appeal Process.

---

[1]     Proposition 57, approved by California voters in 2016, added a provision to California's Constitution that provides: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."  (Cal. Const., art. I, § 32, subd. (a)(1) (hereafter section 32(a)(1)).)

Arroyo then filed a similar habeas corpus petition in this court. We asked for an informal response from CDCR, the Attorney General responded, and Arroyo filed a reply. We issued an order to show cause why we should not grant the relief requested in the petition. The Attorney General filed a return and Arroyo, represented by counsel, filed a traverse. Thereafter, we received supplemental briefing from the parties. We now discharge our order to show cause, and deny the petition as moot.

II.

DISCUSSION

While proceedings in this matter were pending, our colleagues in the Second District issued *In re Edwards* (2018) 26 Cal.App.5th 1181 (*Edwards*). There the court held that the key provision of the CDCR's regulations that had made inmates like Arroyo ineligible for early parole consideration relief under section 32(a)(1) — California Code of Regulations, title 15, section 3491, subdivision (b)(1) — was inconsistent with the constitutional provision and therefore void. (*Edwards, supra*, 26 Cal.App.5th at p. 1192-1193; cf. *Henning v. Division of Occupational Saf. & Health* (1990) 219 Cal.App.3d 747, 757-758 [administrative agencies have no discretion to promulgate a regulation inconsistent with governing law].)

In response to *Edwards*, "[t]he CDCR then adopted emergency regulations, effective January 1, 2019, to comply with [*Edwards*]. [Citation.]" (*In re Gadlin* (2019) 31 Cal.App.5th 784, 787 (*Gadlin*), review granted May 15, 2019, S254599.) The new regulations now provide that "[a]n 'indeterminately-sentenced nonviolent offender,' . . . *shall be eligible* for a parole consideration hearing by the Board of Parole Hearings." (Cal. Code Regs., tit. 15, § 3496, subd. (a), italics added.) As "an indeterminately sentenced nonviolent offender" under the current regulations, Arroyo is therefore now eligible for early parole consideration.

As a result, CDCR records now show Arroyo's "Parole Eligible Date" as January 2019. "The parole eligible date . . . is the first date the inmate is (or was) eligible

3

for a parole suitability hearing by the Board of Parole Hearings to determine if the inmate should be released.  [Arroyo] is eligible for a parole suitability hearing as an indeterminately-sentenced nonviolent offender under Proposition 57."[2]

The parties provided us with supplemental briefing on how *Edwards*, *Gadlin*, and CDCR's new regulations affected this petition.  The parties agree Arroyo is now eligible for early parole consideration under Proposition 57, but disagree on whether the current petition is now moot.

The legal issue presented in this case is identical in all material respects to the issue presented in *Edwards* save one:  Here CDCR now has determined Arroyo is eligible for early parole consideration, and has modified his parole eligibility date to January 2019.   Furthermore, in a declaration attached as exhibit number 4 to the Attorney General's March 14, 2019, letter brief, Jennifer P. Shaffer, the Executive Officer of the California Board of Parole Hearings, declares that Arroyo "has passed the Board's jurisdictional screening and has been placed into the Board's computer system queue to receive a parole hearing.  Under the regulations, he will be scheduled for a hearing no later than December 31, 2021."

Arroyo contends that even though he is now eligible for early parole consideration, the matter is not moot because he will not be considered for parole until 2021.  If by this Arroyo means he has not yet been given a parole hearing date, nothing in section 32(a)(1) dictates the timing of an inmate's actual parole suitability hearing.  Arroyo conflates parole *eligibility* with parole *suitability.  Edwards* and *Gadlin* — and the relevant new regulations — involve parole eligibility dates, not "parole hearing" dates, suitability determinations, or release dates.  Thus, in *Edwards* the court ordered

---

[2]     See https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=B37999.  We notified the parties we may take notice of Arroyo's CDCR records, and there were no objections.  Thus, on our own motion, we take judicial notice of CDCR's relevant records and regulations.  (Evid. Code, §§ 452, subds. (c) & (d), 459, subds. (a) & (d).)

that "Edwards shall be *evaluated* for early parole *consideration*," not that he shall be given a parole hearing date. (*Edwards, supra,* 26 Cal.App.5th at p. 1193, italics added; see also *Gadlin, supra,* 31 Cal.App.5th at p. 790 [CDCR "is directed to *consider* Gadlin for early parole *consideration*" within 60 days, italics added]; cf. *In re McGhee* (2019) 34 Cal.App.5th 902, 909 [distinguishing parole eligibility determinations made by CDCR from parole suitability decisions that must instead be made by the Board of Parole Hearings].)

Arroyo contends section 32(a)(1) provides that he "shall be offered an opportunity for parole" after completing the full term for his primary offense, implying he is entitled to an immediate parole suitability hearing. Not so. Section 32(a)(1) provides only that Arroyo "shall be *eligible* for parole consideration after completing the full term for his . . . primary offense." (*Ibid.*, italics added.)[3]

Moreover, our order to show cause in this matter was predicated on whether Arroyo was eligible for early parole consideration under Proposition 57, not when his actual parole hearing would occur. Indeed, in his traverse, Arroyo specifically states he "is not asking for immediate release from custody." Rather, "[h]e is merely seeking an opportunity to appear before the Board of Parole Terms to prove that he can be safely released from custody . . . as promised in Section 32(a)(1)," and "asks th[is] Court to find the regulations invalid" and find him "immediately *eligible* for parole review." (Italics added.) The regulations at issue in our order to show cause were found invalid in *Edwards*, and were replaced with regulations that make Arroyo eligible for

---

[3] Arroyo misconstrues the issue even further by claiming that under his current schedule, he "must wait until December 2021 *for his parole date* guaranteed by Section 32(a)(1). . . ." (Italics added.) Not only is a parole suitability hearing date not a parole release date, but there is nothing in section 32(a)(1) addressing suitability issues or release dates, let alone "guaranteeing" them.

early parole consideration.[4]  Moreover, CDCR records now show Arroyo is not just eligible for parole review, but that he "has passed the Board's jurisdictional screening and has been placed into the Board's computer system queue to receive a parole hearing."

The timing of Arroyo's actual parole suitability hearing date was neither raised nor argued in his petition or traverse, and was raised instead for the first time in supplemental briefing.  (*Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1235-1236 (*Ngo*).)  A habeas corpus proceeding is "limited to the claims which the court initially determined stated a prima facie case for relief."  (*In re Clark* (1993) 5 Cal.4th 750, 781, fn. 16, superseded by statute on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808; *In re Lawley* (2008) 42 Cal.4th 1231, 1248 (*Lawley*) [the claims in an order to show cause are limited to those alleged in the petition].)  "'This process of defining the issues is important because issues not raised in the pleadings need not be addressed. [Citation.]' [Citation.]  Under this process, the issues to be addressed may not extend beyond the claims alleged in the habeas corpus petition."  (*Ngo, supra,* 130 Cal.App.4th at p. 1235.)  Thus, what Arroyo could not do in his traverse, "he cannot do at this even later stage: he cannot through argument in a [post-OSC] brief expand his claims beyond those alleged in the petition and made the basis of this court's order to show cause."  (*Lawley, supra,* 42 Cal.4th at p. 1248.)

This court is bound to "'decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' [Citations.]"  (*In re Miranda* (2011) 191 Cal.App.4th 757,

---

[4]  The timing for parole consideration hearings are covered under separate regulations.  (See Cal. Code Regs., tit. 15, § 2449.32; generally, see also §§ 2449.30, et seq. ["Article 16. Parole Consideration for Indeterminately-Sentenced Nonviolent Offenders"].)  These temporal regulations were not at issue in either *Edwards* or *Gadlin*, and were not raised in Arroyo's petition or traverse, and were not encompassed by our order to show cause.  They are therefore not before us.

762.)  Consequently, "'[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.' [Citation.]"  (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.)  Here, Arroyo has already received everything he requested in his petition and everything that CDCR was ordered to do in *Edwards*.  There are no justiciable issues left for us to decide.

## III.

### DISPOSITION

The order to show cause is discharged, and the petition for writ of habeas corpus is denied as moot.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.

Filed 7/17/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re TONY JIMENEZ ARROYO<br><br>    on Habeas Corpus. | G056020<br><br>(Super. Ct. No. M-17142)<br><br>O R D E R |

Respondent has requested that our opinion filed on June 25, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.