Filed 6/8/21  In re Valdez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re RICHARD VALDEZ, on Habeas Corpus. | A156545 <br><br> (Marin County <br> Super. Ct. No. SC204509A) |

Petitioner Richard Valdez, an inmate at San Quentin State Prison, filed a petition for habeas corpus alleging the prison withheld issues of *Artists Magazine* from him in violation of his statutory and constitutional rights.  He further alleges the prison arbitrarily bans inmates from possessing educational and artistic publications that contain nudity in violation of prison regulation.  Among other things, Valdez seeks a court order that the prison deliver to him the September 2015 issue of *Artists Magazine*, along with seven other issues of the magazine alleged to have been improperly withheld.

Valdez has now received all eight issues of *Artists Magazine* identified in his petition, and the Warden of San Quentin (respondent) argues the petition is therefore moot.  Valdez counters that his petition is not moot and, in any event, the court should resolve the petition because the controversy is likely to recur.  However, he recognizes that prison regulation requires approval of educational and artistic material that contains frontal nudity on

1

a case-by-case basis, and he does not challenge the validity of the regulation. We deny the petition as moot.

## BACKGROUND

*Regulation Prohibiting Frontal Nudity and Exception for Artistic, Scientific, and Educational Materials*

California Code of Regulations, title 15, section 3006(c)(17) prohibits inmates from possessing "[s]exually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format."[1] The regulation provides an exception for artistic, scientific, medical, or education materials, which includes "Educational, medical/ scientific, or artistic materials, including, but not limited to, anatomy medical reference books, general practitioner reference books and/or guides, National Geographic, or artistic reference material depicting historical, modern, and/or post modern era art . . . approved by the institution head or their designee on a case-by-case basis." (§ 3006(c)(17)(B)(2).)

*Withholding of Valdez's Magazines and Administrative Appeals*

Valdez has been incarcerated under a judgment of death for over 21 years. He began a subscription to *Artists Magazine*, which he describes as "a publication exploring technical, creative, and business aspects of the art world," more than 10 years ago and has received over 100 issues in prison.

June 2015 Issue

On June 15, 2015, Valdez received a "Notification of Disapproval – Mail/Packages/Publications" from the San Quentin mailroom notifying him

---

[1] Sexually explicit material is defined as "material that shows the frontal nudity of either gender, including the fully exposed female breast(s) and/or the genitalia of either gender." (Cal. Code Regs. tit. 15, § 3006(c)(17)(A).) Further references to section 3006 are to this section of title 15 of the California Code of Regulations.

that the June 2015 issue of *Artists Magazine* was not allowed: "Per title 15, sec. 3007 [*sic*] – 17A – No sexually e[x]plicit images that depict frontal nudity in the form of personal photographs, drawing, magazines, or other pictorial format allowed."

On July 7, 2015, Valdez submitted a first level appeal of the disapproval requesting "that his magazine be issued, and that San Quentin mail room staff stop misapplying the Title 15 in regards to publications that do not meet the criteria for being disallowed." His administrative appeal was denied at each level, and he exhausted this administrative remedy when an appeals examiner denied his third level appeal on March 2, 2016.[2]

September 2015 Issue

On August 20, 2015, Valdez was notified that he would not receive the September 2015 issue of *Artists Magazine* because it contained female frontal nudity. On September 20, 2015, he submitted a first level appeal requesting the September 2015 issue of the magazine. This appeal was "cancelled" by the prison on the ground it duplicated Valdez's previous appeal (regarding the June 2015 issue). By a memo dated September 28, 2015, Valdez was advised he could not appeal the rejected appeal directly but "a separate

_____

[2] We note that prison staff did not acknowledge the artistic/educational material exception of section 3006(c)(17)(B)(2) in responses to Valdez's appeal. Denying the first level appeal, a mail room office assistant wrote, "after looking at the magazine myself there are two (2) pages which show frontal nudity of women's breast and nipple area and as a result [Valdez] w[ill] not receive his magazine." Denying the second level appeal, the Warden wrote, "As explained in the first level response, content of appellant's magazine violates Title 15 section 3006. The magazine contains pictures displaying frontal nudity; women's breast and nipple area." An appeals examiner denied the third and final level appeal, finding that Valdez "failed to support his appeal issue with sufficient evidence or fact to warrant a modification of" the second level response.

3

appeal can be filed on the cancellation decision." Valdez did not appeal the cancellation of his first level appeal regarding the September 2015 issue because he understood that his then-pending second level appeal regarding the June 15 issue "would address the related issues raised in both appeals."

Subsequent Issues Withheld

The San Quentin mailroom withheld seven additional issues of *Artists Magazine* from October 2015, November 2015, March 2016, July/August 2017, October 2017, January/February 2018, and March 2018.

*Habeas Petition in Superior Court*

On April 11, 2018, Valdez filed a petition for writ of habeas corpus in Marin County Superior Court (Case No. SC204509A) raising the issues stated in his administrative appeals. The trial court issued an order to show cause on June 1, and the Warden filed a return on August 31, 2018. Respondent asserted the petition was moot because the prison agreed to give Valdez the June 2015 issue of *Artists Magazine* and, as to the other withheld issues of the magazine, Valdez did not exhaust administrative remedies. Valdez argued that his petition was not moot, pointing out he was challenging the prison's policy and practice of withholding artistic material containing nudity. He also claimed that filing additional administrative appeals would have been futile.

On October 30, 2018, the superior court (Hon. Sheila Lichtblau) denied the petition. The court accepted respondent's position that the petition was moot as to the June 2015 issue of the magazine and that Valdez failed to exhaust his administrative remedies as to the other magazines.

*Current Habeas Petition*

On February 25, 2019, Valdez filed a habeas petition in this court. He alleges the Warden and the California Department of Corrections and

4

Rehabilitation (CDCR) have a "policy and practice of erratically and arbitrarily prohibiting educational and artistic material containing nudity, even though CDCR's own rules and other laws require that such material be permitted." Valdez asks for a court order directing the Warden and the Secretary of the CDCR to deliver all withheld issues of *Artists Magazine* that are not obscene. He also seeks an order "directing respondents to allow all individuals in CDCR custody to possess sexually explicit material that meets the educational, scientific/medical, or artistic exception, unless there is a specific risk that the material would incite violence."

We issued an order to the Warden only to show cause why relief should not be granted as to (1) the eight issues of *Artists Magazine* withheld from Valdez and (2) the claim that San Quentin is not properly applying section 3006(c)(17)(B)(2). Respondent filed a return arguing the petition is moot. He admits that section 3006(c)(17)(B)(2) generally exempts educational, medical/scientific, and artistic publications from the general ban on sexually explicit material in prison, with the proviso that case-by-case review is necessary to avoid safety and security risks. He further admits that eight issues of *Artists Magazine* were withheld from Valdez between September 2015 and March 2018, but he alleges Valdez has since received all the magazines under section 3006(c)(17)(B)(2)'s artistic material exemption.[3]

---

[3] Among the exhibits attached to respondent's return was a memorandum from CDCR Deputy Director Charles W. Callahan dated August 20, 2020. It stated the Division of Adult Institutions conducted further review and determined that Valdez should be allowed to receive the eight withheld issues of *Artists Magazine*. Another memorandum dated August 25, 2020, documented that Valdez received the eight magazine issues identified in his petition.

Respondent also alleges that San Quentin mailroom staff recently have been trained on how to apply section 3006(c)(17)(B)(2). In a supporting declaration, San Quentin employee Alex Lile stated he was assigned to supervise the mailroom in May 2020, and he had trained his staff on section 3006(c)(17)(B)(2)'s exemption several times. Lile further declared that he instructed his staff that no publication could be withheld without his approval and "any withheld publication must also be approved by CDCR officials at headquarters."

In addition, respondent alleges that, after Valdez filed his petition, "CDCR officials at headquarters issued a memorandum to all prisons statewide directing them to properly apply section 3006, subdivision (c)(17)(B)(2)." Respondent submitted a memorandum dated August 14, 2019, addressed to wardens and mailroom staff with the subject "Clarification Regarding Exemptions for Sexually Explicit Material." The memo stated in part, "Publications may only be denied when necessary to satisfy the Department's penological interests, and discretion must be applied when determining which publications meet the criteria for submittal. Allowable publications may include, but should not be limited to, books and magazines containing photographs or depictions of classic statues, paintings, or anatomical illustrations of the human body, including frontal nudity depicted in artistic, scientific, medical, or educational publications.

"Specifically, the California Code of Regulations, Title 15, Subsection 3006(c)(17)(B)(2) classifies educational, medical/scientific, or artistic materials, including, but not limited to, anatomy medical reference books, general practitioner reference books and/or guides, National Geographic, or artistic reference material depicting historical, modern, and/or post modern

6

era art, purchased or possessed by Inmates as being approved on a case-by-case basis."

Respondent alleges Valdez is not per se entitled to all future issues of *Artists Magazine*, noting that the case-by-case review of material allowed to inmates is "aimed at preserving prison safety and order."[4]  Finally, respondent alleges San Quentin does not have a blanket ban on inmates possessing images of frontal nudity, noting Valdez admitted he received hundreds of issues of *Artists Magazine*, some of which contained depictions of frontal nudity.

Valdez filed a denial and exception to respondent's return.  He admits he received all of the magazines that are the subject of his petition, but argues the petition is not moot because "Respondents retain the authority to resume this practice [of arbitrarily withholding magazines subject to the artistic materials exemption] at any time."  He further argues that even if the petition is considered moot, the court should resolve this controversy because the issue is of substantial and continuing public interest and is capable of repetition yet evades review.

---

[4] Respondent further alleges that case-by-case review (provided for in section 3006(c)(17)(B)(2)) "is necessary because an image of frontal nudity, even if contained in an art or educational publication, may depict sexual violence or may nevertheless be so sexually provocative that inmates could use it to harass correctional staff or cause other disturbance within the prisons."  He cites section 3006(d), which provides, "Anything in the possession of an inmate which is not contraband but will, if retained in possession of the inmate, present a serious threat to facility security or the safety of inmates and staff, shall be controlled by staff to the degree necessary to eliminate the threat."

## DISCUSSION

A case is moot when "there may have been an actual or ripe controversy at the outset, but due to intervening events, the case has lost that essential character and, thus, no longer presents a viable context in which the court can grant effectual relief to resolve the matter." (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1222.)

"This court is bound to ' "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re Arroyo* (2019) 37 Cal.App.5th 727, 732.)

Here, Valdez has received all of the magazines he alleges were improperly withheld, and respondent has agreed to apply the educational and artistic exemption of section 3006(c)(17)(B)(2). Whether future issues of *Artists Magazine* (or any publication) will qualify for the regulatory exemption will have to be decided on a case-by-case basis.

Valdez does not challenge the validity of section 3006(c)(17)(B)(2), which requires approval of exempted material on a case-by-case basis. (See *Snow v. Woodford* (2005) 128 Cal.App.4th 383, 390–393 [section 3006(c)(17) does not violate inmates' First Amendment rights].) Valdez admits the CDCR issued a memo in August 2019 to wardens and prison mailroom staff reminding them of the exemption for artistic, scientific, medical, and educational publications under section 3006(c)(17)(B)(2). And he implicitly acknowledges that respondent is not currently violating section 3006(c)(17)(B)(2) when he argues respondent could "*resume* th[e] practice" of arbitrarily withholding magazines subject to the regulatory exemption. (Italics added.)

Finally, Valdez admits that he is not entitled to an order that prevents the CDCR from conducting case-by-case review of sexually explicit material or that requires delivery of all future issues of *Artists Magazine* without a case-by-case review.

Under these circumstances, there is no justiciable issue left for us to decide, and the petition is moot. (See *In re Arroyo, supra*, 37 Cal.App.5th at pp. 732-733 [denying habeas petition as moot where the petitioner already received everything he requested in his petition; "There are no justiciable issues left for us to decide"].)

Valdez argues the petition is not moot because he "has no assurance that Respondents will refrain from arbitrarily withholding his magazines or the magazines of others in custody in the future." He relies on *In re J.G.* (2008) 159 Cal.App.4th 1056 (*J.G.*), in which it was noted that "an appellate court may resolve controversies that are technically moot if the issues are of substantial and continuing public interest" and that courts "hesitate to consider a case moot where a party voluntarily ceases an allegedly illegal practice but is free to resume it at any time." (*Id.* at pp. 1062, 1063.)

*J.G.* is distinguishable. There, the petitioner was in the custody of the CDCR but was serving his sentence outside California as a participant in the Federal Witness Protection Program. He filed a habeas petition challenging the denial of his request to appear in person at his parole hearing, arguing a prison regulation (which provided out-of-state prisoners the right to only a telephone hearing) violated his statutory right to appear in person. (*J.G., supra*, 159 Cal.App.4th at pp. 1061, 1066.) The respondent CDCR indicated that it would arrange for the petitioner to be physically present at his next parole hearing and argued the petition was therefore moot. (*Id.* at pp. 1061, 1063.) At the same time, however, the respondent maintained that the

9

statutory right to " 'personal appearance' " did not entitle inmates to be physically present at parole hearings and took the position that the prison regulation allowing only telephonic appearance was valid. (*Id*. at pp. 1065-1066.) The Court of Appeal concluded the petition raised "issues of continuing interest to the public, the federal government, and the state government at a time when some California prisoners serve their sentences outside state boundaries." (*Id*. at p. 1063.) The court went on to reject both the respondent's statutory interpretation and its defense of the regulation, and declared the regulation void. (*Id*. at pp. 1065-1068.)

Thus, *J.G.* presented legal questions of statutory interpretation and the validity of a regulation, and the answers to those questions were of ongoing interest to the public.[5] Valdez's petition presents no such legal issues. He and respondent agree that section 3006(c)(17)(B)(2) is valid and provides for case-by-case review of publications that contain frontal nudity.

Valdez also argues that even if the petition is considered moot, this court should resolve the controversy because the issue is capable of repetition yet evades review. Again, he relies on *J.G.*, in which the court observed, "Although courts generally avoid issuing advisory opinions on abstract propositions of law, they 'should *not* avoid the resolution of important and well litigated controversies arising from situations which are "capable of repetition, yet evading review." ' " (159 Cal.App.4th at p. 1062.) But there is no important and well litigated controversy in this case for the court to

---

[5] Similarly, *Marin County Bd. of Realtors, Inc. v. Palsson* (1976) 16 Cal.3d 920, also cited by Valdez, presented legal questions of first impression (whether the rules of a board of realtors violated antitrust law) that were of "substantial interest not only to real estate boards and home-buyers but also to all trade associations and their members, and to consumers in general." (*Id*. at pp. 923-924, 930.)

10

resolve.  The parties agree on the law.  Nor has Valdez raised a controversy capable of repetition, yet evading review.  He suspects the prison will "resume" its alleged practice of arbitrarily withholding magazines that should be exempt under section 3006(c)(17)(B)(2) from the ban on sexually explicit material.  But if the prison were to adopt such a "practice," nothing will prevent Valdez from bringing a habeas petition to challenge it.

In short, the petition is moot, and Valdez has not persuaded us that there is a controversy we should decide despite mootness.

## DISPOSITION

The order to show cause is discharged, and the petition for writ of habeas corpus is denied as moot.

11

_____
Miller, J.

WE CONCUR:

_____
Kline, P.J.

_____
Stewart, J.

A156545, *In re Richard Valdez*