Filed 6/24/21  In re Bisel CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| In re GREGORY BISEL<br><br>On Habeas Corpus. | F080372 |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Heather J. MacKay, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra and Rob Bonta, Attorneys General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray, Maria G. Chan, and Janine W. Boomer, Deputy Attorneys General, for Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Smith, J. and Meehan, J.

## INTRODUCTION

In 2016, voters approved Proposition 57, which added a provision to the California Constitution that significantly expanded parole eligibility for all state prisoners convicted of a nonviolent felony offense. (Cal. Const., art. I, § 32, subd. (a)(1).) Petitioner Gregory Bisel contends the implementing regulations promulgated by the Department of Corrections and Rehabilitation (CDCR) invalidly excluded him from Proposition 57 relief based on a prior conviction that requires him to register as a sex offender under the Sex Offender Registration Act (Pen. Code, §§ 290-290.024).

During the pendency of this petition, our Supreme Court invalidated the challenged regulations (*In re Gadlin* (2020) 10 Cal.5th 915, 943 (*Gadlin*)), and CDCR subsequently repealed the invalidated regulations and promulgated additional regulations to provide a timeframe for scheduling parole consideration for offenders, such as petitioner, who became eligible for an initial parole consideration hearing as a result of *Gadlin*. (Cal. Code Regs., tit. 15,[1] §§ 2449.32, subd. (c), 3491, subd. (b)(3), 3492, subd. (f), 3496, subd. (b), 3497, subd. (e), Register 2021, No. 18 (Apr. 29, 2021).) CDCR has since determined petitioner is eligible for nonviolent parole consideration and has referred him to the Board of Parole Hearings for parole consideration.

We conclude petitioner has received the relief he requests in this matter and that no actual controversy remains. We therefore discharge our order to show cause and deny the petition as moot.

## PROCEDURAL HISTORY

In 2014, a jury convicted petitioner on two counts of annoying or molesting a minor while having a prior conviction under Penal Code section 288, subdivision (a) (Pen. Code, § 647.6, subd. (c)(2); counts 1 & 2). Petitioner also was found to have

---

[1]    Further undesignated references to the California Code of Regulations are to title 15.

2.

served a prior prison term. (Pen. Code, § 667.5, former subd. (b).) Petitioner was sentenced to an aggregate term of 15 years, 8 months. As a result of both his 2014 conviction and his prior conviction, petitioner is required to register as a sex offender. (Pen. Code, §§ 290, subd. (a), 290.003.)

At some point, petitioner filed a petition for writ of habeas corpus in the superior court, challenging his exclusion from nonviolent parole consideration by CDCR. On November 8, 2019, the superior court denied the petition on the ground the evidence submitted supported CDCR's denial of early parole consideration under Proposition 57.

On December 5, 2019, petitioner filed a petition for writ of habeas corpus in this court. After informal briefing, we concluded petitioner had stated a prima facie case showing he was entitled to Proposition 57 parole consideration, despite then-current California Code of Regulations, section 3491, subdivision (b)(3), which denied early parole consideration to determinately sentenced Penal Code section 290 registrants. We issued an order to show cause and ordered counsel appointed to represent petitioner. The Attorney General filed a return to the order to show cause, arguing that petitioner was ineligible for early parole consideration based on his prior convictions that require him to register as a sex offender. Petitioner filed a reply, arguing then-current section 3491, subdivision (b)(3) of the California Code of Regulations conflicted with article I, section 32 of the California Constitution.

On January 29, 2021, petitioner filed a motion to file a supplemental brief addressing our Supreme Court's recent opinion in *Gadlin*, *supra*, 10 Cal.5th 915. We granted the request. In supplemental briefing, petitioner argued *Gadlin* requires this court to grant the petition and order CDCR to refer him for nonviolent offender parole consideration. The Attorney General argued *Gadlin* rendered the petition moot.

Thereafter, CDCR adopted temporary emergency regulations which repealed the regulations invalidated in *Gadlin* (Cal. Code Regs., §§ 3491, subd. (b)(3), 3496, subd. (b), Register 2021, No. 18 (Apr. 29, 2021)), and provided a timeframe for

3.

scheduling parole consideration for all nonviolent offenders who became eligible for an initial parole consideration hearing as a result of *Gadlin* (Cal. Code Regs., §§ 2449.32, subd. (c), 3492, subd. (f), 3496, subd. (b), 3497, subd. (e), Register 2021, No. 18 (Apr. 29, 2021)).

On May 17, 2021, we requested further supplemental briefing on the effect of the new regulations. In their supplemental briefs, the parties agree that the newly promulgated regulations require CDCR to refer petitioner to the Board of Parole Hearings for parole consideration no later than July 1, 2021. (Cal. Code Regs., § 3492, subd. (f).) Petitioner initially argued the new regulations did not render the petition moot because CDCR had not yet calculated his parole eligibility date or referred him for parole consideration. However, the Attorney General responded with evidence demonstrating that, on May 25, 2021, CDCR calculated petitioner's nonviolent parole eligibility date to be August 6, 2018, and, on May 26, 2021, CDCR notified petitioner that he had been referred to the Board of Parole Hearings for parole review and possible release. Petitioner nonetheless contends that, because the prior regulations unlawfully delayed his parole consideration, this court should order CDCR and the Board of Parole Hearings to expedite his parole determination and release him immediately if he is found suitable for parole.

## DISCUSSION

### I.    Proposition 57

In November 2016 the electorate approved Proposition 57. (Cal. Sect. of State, Statement of Vote Summary Pages (2016) p. 12 <https://elections.cdn.sos.ca.gov/sov/2016-general/sov/06-sov-summary.pdf> [as of June 24, 2021].) Relevant here, the initiative added section 32 to article I of the California Constitution, which states: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Art. I, § 32, subd. (a)(1).) It further provides that "the full term for the

4.

primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (*Id.*, § 32, subd. (a)(1)(A).) The new provision also directed CDCR to "adopt regulations in furtherance of these provisions" and instructed the Secretary of CDCR to "certify that these regulations protect and enhance public safety." (*Id.*, § 32, subd. (b).)

In March 2017, CDCR adopted temporary emergency regulations to implement Proposition 57. Those regulations defined a "nonviolent offender" as an inmate who was not, among other things, convicted of a sex offense requiring registration under Penal Code section 290. (*Gadlin*, *supra*, 10 Cal.5th at pp. 923-924; Cal. Code Regs., §§ 2449.1, former subds. (a), (c), 3490, former subds. (a), (c).) "Under the emergency regulations, inmates with current or prior sex offense convictions requiring registration were excluded from nonviolent offender parole consideration." (*Gadlin*, at p. 924.)

In May 2018, CDCR replaced the emergency regulations with final regulations. "The May 2018 regulations modified the March 2017 emergency regulations in various ways, including by changing the definition of 'nonviolent offenders.' As relevant here, the final regulations do not exclude from the definition of 'nonviolent offenders' individuals convicted of a current or prior sex offense requiring registration. (See Cal. Code Regs., §§ 3490, subd. (a) [defining 'determinately-sentenced nonviolent offender'], 3495, subd. (a) [defining 'indeterminately-sentenced nonviolent offender'].) Thus, inmates with prior sex offenses requiring registration may be deemed 'nonviolent offenders' under the final regulations (unless they are excluded on another basis). The regulations state, too, that nonviolent offenders 'shall be eligible for parole consideration by the Board of Parole Hearings.' (*Id.*, § 3491, subd. (a); see also § 3496, subd. (a).) [¶] The final regulations go on to say that, '[n]otwithstanding [section 3491,] subsection (a),' even nonviolent offenders are 'not eligible for parole consideration' if, among other things, '[t]he inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in

5.

Sections 290 through 290.024 of the Penal Code.' (Cal. Code Regs., § 3491, [former] subd. (b), (b)(3); see also § 3496, [former] subd. (b).)"[2] (*Gadlin*, *supra*, 10 Cal.5th at p. 924, fn. omitted.) The final statement of reasons accompanying the May 2018 regulations explained that "inmates currently or previously convicted of a sex offense requiring registration would be excluded from nonviolent offender parole consideration based on public safety concerns." (*Id*. at pp. 924-925.)

In *Gadlin*, our Supreme Court held that CDCR's regulations that "treat all individuals with convictions for registerable sex offenses as categorically ineligible for parole, even when [CDCR's] own regulations classify those inmates as having been convicted of a nonviolent felony" were inconsistent with the Constitution as amended by Proposition 57. (*Gadlin*, *supra*, 10 Cal.5th at p. 943.) Accordingly, the high court directed CDCR to treat as void and repeal then-current sections 3491, subdivision (b)(3), and 3496, subdivision (b) of the California Code of Regulations, and to make any further conforming changes necessary to render the regulations consistent with article I, section 32, subdivision (a)(1) of the California Constitution and the court's opinion. (*Gadlin*, at p. 943.)

Following *Gadlin*, in April 2021, CDCR adopted temporary emergency regulations which repealed the regulations invalidated in *Gadlin* (Cal. Code Regs., §§ 3491, subd. (b)(3), 3496, subd. (b), Register 2021, No. 18 (Apr. 29, 2021)), and

---

[2] "In addition to excluding from parole consideration inmates convicted of prior offenses requiring registration, the May 2018 regulations categorically excluded certain other 'nonviolent offenders': (i) inmates deemed ineligible based on a public safety screening and referral, and, as noted, (ii) inmates serving an indeterminate term under the Three Strikes law, even when the third strike was a nonviolent felony. Courts of Appeal have invalidated both exclusions as inconsistent with Proposition 57 and have directed [CDCR] to adopt new regulations consistent with the constitutional provision. [Citations.] [CDCR] did not seek review in either case." (*Gadlin*, *supra*, 10 Cal.5th at p. 925.) Instead, CDCR amended its regulations to comply with both decisions. (*Id*. at p. 925, fn. 10; *In re Arroyo* (2019) 37 Cal.App.5th 727, 730 (*Arroyo*); see Cal. Code Regs., §§ 3490-3491, 3495-3496.)

provided a timeframe for scheduling parole consideration for all nonviolent offenders who became eligible for an initial parole consideration hearing as a result of *Gadlin* (Cal. Code Regs., §§ 2449.32, subd. (c), 3492, subd. (f), 3496, subd. (b), 3497, subd. (e), Register 2021, No. 18 (Apr. 29, 2021)). Under these regulations, determinately sentenced offenders with a nonviolent parole eligible date on or before July 1, 2021, such as petitioner, shall be referred to the Board of Parole Hearings for parole consideration by July 1, 2021, unless the offender's earliest possible release date is on or before November 1, 2021. (Cal. Code Regs., § 3492, subd. (f).)

## II. The Petition is Moot

" 'A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.' " (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231.)

In his habeas petition, petitioner argued he was unlawfully excluded from nonviolent parole consideration based on CDCR regulations excluding sex offenders. Since that time, the challenged regulations have been invalidated and repealed. (*Gadlin*, *supra*, 10 Cal.5th at p. 943; Cal. Code Regs., § 3491, Register 2021, No. 18 (Apr. 29, 2021)). Newly promulgated regulations require that petitioner be referred for parole consideration by July 1, 2021. (Cal. Code Regs., § 3491, subd. (f).) CDCR has determined petitioner is eligible for nonviolent parole consideration, with a nonviolent parole eligibility date of August 6, 2018. CDCR has referred petitioner to the Board of Parole Hearings for parole review and possible release. Thus, petitioner has received everything he requested in his petition and everything CDCR was ordered to do in *Gadlin*. There are no justiciable issues left for us to decide and the matter is moot. (*Arroyo*, *supra*, 37 Cal.App.5th at pp. 732-733 [denying habeas petition as moot where petitioner became eligible for early parole consideration under amended regulation].)

Petitioner nonetheless asks us to direct CDCR and the Board of Parole Hearings to expedite his parole suitability determination, and to release him immediately if he is

found suitable for parole. However, nothing in Proposition 57 "dictates the timing of an inmate's actual parole suitability hearing." (*Arroyo*, *supra*, 37 Cal.App.5th at p. 731; cf. *In re McGhee* (2019) 34 Cal.App.5th 902, 909 [distinguishing parole eligibility determinations made by CDCR from parole suitability decisions made by the Board of Parole Hearings].) Moreover, our Supreme Court has continued to emphasize that "[t]he evaluation of an inmate's suitability for parole and the processes involved in conducting that evaluation remain squarely within the purview of the [CDCR] and the Board of Parole Hearings." (*Gadlin*, *supra*, 10 Cal.5th at p. 920.) Finally, the timing of petitioner's parole suitability hearing was neither raised nor argued in his petition or reply, and was raised instead for the first time in supplemental briefing. The belated argument is not well-taken, as petitioner may not expand his claims beyond those contained in the petition and made the basis of this court's order to show cause. (*In re Lawley* (2008) 42 Cal.4th 1231, 1248 [the claims in an order to show cause are limited to those alleged in the petition]; *In re Clark* (1993) 5 Cal.4th 750, 781, fn. 16, superseded by statute on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808; *Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1235-1236.)

We therefore reject petitioner's contentions with regard to the timing of his parole suitability determination, and conclude the petition is moot.

## DISPOSITION

The order to show cause is discharged, and the petition for writ of habeas corpus is denied as moot.

8.