Filed 8/18/21  In re Hughes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re WAYNE VERITEL HUGHES<br><br>on Habeas Corpus. | 2d Crim. No. B309804<br>(Super. Ct. Nos. F338205,<br>20HC-0009)<br>(San Luis Obispo County) |

Wayne Veritel Hughes filed a petition for writ of habeas corpus seeking an order directing the California Department of Corrections and Rehabilitation (CDCR) to determine his eligibility for early parole consideration.  We deny the petition as moot.

FACTUAL AND PROCEDURAL HISTORY

In 2003, a jury convicted Hughes of conspiracy to possess marijuana for sale and conspiracy to sell marijuana (Pen. Code,[1] § 182, subd. (a)(1); Health & Saf. Code, §§ 11359, 11360,

---

[1] Unlabeled statutory references are to the Penal Code.

subd. (a)).  In a bifurcated proceeding, the trial court found that Hughes had suffered three prior "strike" convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), including a 1983 conviction for forcible rape that required him to register as a sex offender pursuant to the Sex Offender Registration Act (SORA).  It sentenced him to 25 years to life in state prison.

Thirteen years later, the electorate adopted Proposition 57 (Prop. 57), which provides "that 'any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for [their] primary offense.' [Citation.]" (*In re Gadlin* (2020) 10 Cal.5th 915, 919 (*Gadlin II*), alterations omitted.)  Prop. 57 also directed CDCR to adopt regulations to implement that provision.  (*Gadlin II*, at p. 919.)  In response, CDCR adopted "regulations [that] exclude[d] from nonviolent offender parole consideration any inmate who '[had been] convicted of a sexual offense that currently requires or will require registration as a sex offender' under [SORA].'" (*Ibid.*)  Hughes was among the inmates excluded from early parole consideration under the regulations.

In 2019, our colleagues in Division 5 concluded that CDCR's categorical exclusion of SORA registrants from early parole consideration conflicted with the plain language of Prop. 57, and invalidated the regulations.  (*In re Gadlin* (2019) 31 Cal.App.5th 784, 789-790 (*Gadlin I*).)  The following year, Hughes filed a petition for writ of habeas corpus in the trial court challenging CDCR's refusal to determine his eligibility for early parole consideration, arguing that he was entitled to such a determination under *Gadlin I*.  The court denied Hughes's petition, noting that the Supreme Court had granted review of

2

that case.  We summarily denied Hughes's renewed petition without prejudice pending the Supreme Court's decision.

The Supreme Court decided *Gadlin II* in December 2020, agreeing with our Division 5 colleagues that excluding inmates required to register under SORA from early parole consideration was inconsistent with the terms of Prop. 57. (*Gadlin II*, *supra*, 10 Cal.5th at p. 943.)  Instead, Prop. 57 required eligibility for early parole consideration to be based on the status of the inmate's current conviction:  violent or nonviolent. (*Gadlin II*, at p. 943.)  CDCR was thus required to repeal the regulations it had promulgated and issue new ones consistent with the terms of Prop. 57. (*Gadlin II*, at p. 943.)

Two weeks later, Hughes filed another petition for writ of habeas corpus with this court, this time asserting his eligibility for early parole consideration under *Gadlin II*.  We ordered CDCR to show cause as to why we should not order it to "consider [Hughes] for early parole within 60 days of the date of issuance of the remittitur in this case."  In its return to our order, CDCR admitted that Hughes:  (1) is serving a state prison term for a nonviolent offense, (2) has completed the full term on his primary offense, and (3) is eligible for early parole consideration.[2] It thus urged us to deny Hughes's petition as moot.  In his traverse, Hughes argued that the case is not moot and that he is entitled to a parole hearing within 60 days.

Simultaneous to these proceedings, CDCR issued emergency regulations to comply with *Gadlin II*.  The regulations provide that CDCR "shall, by no later than December 31, 2022, schedule all parole consideration hearings for indeterminately-

_____

[2] Hughes became eligible for early parole consideration on November 21, 2016.

3

sentenced nonviolent offenders who became eligible for an initial parole consideration hearing as a result of [*Gadlin II*] and whose nonviolent parole eligible date[s] [are] on or before December 31, 2022." (Cal. Code Regs., tit. 15, § 2449.32, subd. (c).)

DISCUSSION

CDCR contends Hughes's petition is moot because *Gadlin II* provided him with the relief he sought in his habeas petition: a determination of his eligibility for early parole consideration. We agree.

A case is moot ""when a court ruling can have no practical impact or cannot provide the parties with effective relief." [Citation.]' [Citation.]" (*In re Arroyo* (2019) 37 Cal.App.5th 727, 732 (*Arroyo*).) Here, Hughes's petition asked us to direct CDCR to determine his eligibility for early parole consideration. The order to show cause we issued did so. In its return to our order, CDCR confirmed that it had determined that Hughes is indeed eligible for early parole consideration. Because that is the precise relief Hughes sought in his petition, our decision can have no practical impact in the case. It is moot.

In his traverse, Hughes counters that, "[a]lthough [his] petition was initially filed to secure a ruling that . . . CDCR's determination that [he] was ineligible for early parole consideration was erroneous, in the order to show cause, this [c]ourt raised the issue of when [he] should be afforded his hearing." (Italics omitted.) Hughes misreads our order. Our order said nothing about the timing of a hearing to determine his suitability for parole; in response to his petition seeking an eligibility determination, we directed CDCR to show cause as to why it should not be ordered to "*consider [Hughes] for early parole* within 60 days of the date of issuance of the remittitur."

4

(Italics added.)  Because Hughes's petition did not request an order directing CDCR to hold a parole hearing within a specified timeframe, had our order included that request it would have been erroneous.  (*In re Lawley* (2008) 42 Cal.4th 1231, 1248 [claims raised in order to show cause are limited to those alleged in habeas petition].)

At base, Hughes "conflates parole *eligibility* with parole *suitability*."  (*Arroyo, supra*, 37 Cal.App.5th at p. 731.)  *Gadlin I* and *Gadlin II* involved parole eligibility dates, which are determined by CDCR.  (*Arroyo*, at p. 731.)  In the wake of those cases CDCR properly and correctly calculated Hughes's parole eligibility date as November 21, 2016.  Parole hearings, in contrast, occur when the Board of Parole Hearings (BPH) makes parole suitability determinations.  (*Ibid*.; see also *In re McGhee* (2019) 34 Cal.App.5th 902, 909.)  Under the newly adopted regulations, and confirmed by BPH's executive director, Hughes is entitled to and will have his parole suitability hearing on or before December 31, 2022.  Because his petition did not request that we order BPH to advance that date, and because the parties have not an opportunity to fully brief such a request, we cannot entertain it now.  (*Arroyo*, at p. 732.)

DISPOSITION

The order to show cause is discharged.  The petition for writ of habeas corpus is denied.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.          PERREN, J.

5

Richard B. Lennon, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Phillip J. Lindsay, Assistant Attorney General, Julie A. Malone and Jennifer O. Cano, Deputy Attorneys General, for Respondent.