Filed 1/6/26  P. v. Carrillo CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL CARRILLO,<br><br>    Defendant and Appellant. | G064825<br><br>(Super. Ct. No. FWV18004430)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Daniel W. Detienne, Judge. Dismissed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

\*     \*     \*

Defendant Miguel Carrillo appeals following his conviction on two counts of sexual offenses with minors. The only issue in this appeal is whether the trial court properly ordered HIV testing. Carrillo contends the test should not have been ordered because there was no probable cause for the test. That test, however, has long since been conducted. While Carrillo concedes the issue is moot as to him, he argues it is capable of repetition yet evades review. We decline to exercise our discretion to consider this moot appeal because it would require this court to resolve questions of fact that were never litigated in the trial court. Accordingly, we dismiss the appeal.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

As we discussed in our first opinion in this matter: "Angela Doe is appellant's stepdaughter. From the age of eight to fourteen, appellant touched her breasts, buttocks and vagina on multiple occasions. Appellant molested Angela's younger sister Claudia in a similar fashion. And, from time to time, he also . . . touched and orally copulated the vagina of another young girl, Jane Doe, who was staying at his house." (*People v. Carrillo* (Nov. 17, 2023, G062725) [nonpub. opn.].)

Carrillo was convicted of subjecting Jane to continuous sexual abuse and committing seven lewd acts against Angela and Claudia. (Pen. Code, §§ 288.5, subd. (a), 288, subd. (a).)[1] The jury also found Carrillo molested multiple victims for purposes of the one strike law. (§ 667.61, subds. (b), (e)(4).) He was sentenced to 30 years to life in prison. Among other things, the court also ordered Carrillo to submit to HIV testing. (§ 1202.1.)

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

2

As relevant here, in our first opinion in this matter, this court found: "The parties also agree the trial court erred in ordering appellant to undergo HIV testing because it did not find there was probable cause he transferred bodily fluid capable of transmitting that virus to any of his victims. (§ 1202.1, subd. (e)(5)(A).) Therefore, that order must be stricken. On remand, if the prosecution so requests, the trial court shall hold a hearing to determine whether probable cause exists for an HIV testing order." (*Carrillo, supra,* G062725).

On remand, on August 30, 2024, the court held a probable cause hearing, reinstated the order for HIV testing, and reimposed the same sentence of 30 years to life. During the hearing, the court noted the HIV testing had already been completed and received by the court in January 2022, with negative results. The court made its order retroactive. Carrillo now appeals.

## DISCUSSION

### I.

### CARILLO'S CLAIM REGARDING THE HIV TESTING ORDER IS MOOT

Carillo contends the court lacked sufficient evidence to order the HIV test because there was no evidence he transferred bodily fluid capable of transmitting HIV. Carrillo admits there was evidence he transferred saliva to the victims, and he contends the trial court's order was based on "the outdated belief that the transfer of saliva is capable of transmitting HIV." Carrillo concedes the HIV test was already completed and the issue is moot as to him.

We agree. A ""case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief."" (*In re*

3

*Arroyo* (2019) 37 Cal.App.5th 727, 732.) There is no relief we can provide to Carrillo in this matter.

## II.

### WE DECLINE TO EXERCISE OUR DISCRETION TO CONSIDER THE ISSUE

"An exception to the general rule [that a moot case should be dismissed] is that 'if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot.'" (*In re Schuster* (2019) 42 Cal.App.5th 943, 951–952.) Carrillo argues that we should reach the HIV testing issue because "[t]he question of whether the outdated concept that saliva can transfer HIV and thus constitute probable cause to order HIV testing is one of significant state-wide concern."

Nonetheless, it is improper for this court to exercise its discretion to consider a moot issue when doing so would require resolving issues of fact that were never litigated below. "Elemental to appellate practice and procedure is that a reviewing court will ordinarily not consider on appeal matters that were not presented to the trial court when it made the challenged ruling . . . ." (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1306–1307.) This principle holds true even when the appellate court could take judicial notice of the matter. (*Ibid.*) While Carrillo contends that it "is common knowledge" that saliva cannot transfer HIV, citing to the CDC's website, there was no evidence of this before the trial court, and there is nothing for this court to review. The issue is simply not properly before this court.

## DISPOSITION

The appeal is dismissed.

MOORE, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.